CASE 6—INDICTMENT—MARCH 7.

# Commonwealth v. Wickersham.

APPEAL FROM PULASKI CIRCUIT COURT.

99    21
:f116 861

99    21
f116 861

1. GAMING—JURISDICTION.—Circuit courts have jurisdiction to try an indictment under the statute against unlawfully engaging in a game of chance, even though the offense may have been committed within a city the ordinances of which provide the same punishment therefor as is fixed in the statute.

2. The "exclusive jurisdiction" conferred upon police courts in cities of the fourth class by section 3513 of the Kentucky Statutes embraces only such offenses as have their origin and existence in virtue of ordinances applicable to the municipality, and independent of any statute of the State.

C. W. LESTER AND WM. J. HENDRICK FOR APPELLANT.

1. It seems clear that the legislature intended by section 3513 of the Kentucky Statutes to give to police courts in cities of the fourth class exclusive jurisdiction over only such offenses as are created by and arise out of ordinances of the city, or as would not be punishable, but for such ordinances.

2. By section 1093 of Kentucky Statutes the jurisdiction of justices of the peace is concurrent with that of the circuit courts in certain cases, embracing this case; and under the Constitution police judges can have no greater or less jurisdiction than justices of the peace; and it follows that police courts also have concurrent jurisdiction with the circuit court.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellee Wickersham was indicted in the Pulaski Circuit Court for the offense of unlawfully engaging in a game of chance in which money was bet, won and lost, made by section 1977, Kentucky Statutes, a misdemeanor, punishable by fine of not less than twenty dollars nor more than one hundred dollars; but the transcript contains the following recital: "This day this prosecution came on for trial, and by agreement of the parties a jury was waived and law and

facts submitted to the court; and the court having heard the
evidence, and being sufficiently advised, is of the opinion
that this court has no jurisdiction to try the defendant for
the offense charged; but that the police court of the city of
Somerset, a city of the fourth class, has the exclusive juris-
diction over the offense charged under an ordinance passed
by the city council of said city, in force at the time the of-
fense in this case is charged to have been committed.  It
is, therefore, adjudged by the court that this prosecution
be and the same is dismissed, and the defendant dis-
charged."

It appears the city council of Somerset did, as recited in
the judgment, pass an ordinance defining the offense sub-
stantially as it is described in section 1977, and fixing the
same punishment as there prescribed; and it was shown the
offense was committed within the corporate limits of the
city of Somerset.

Section 966, Kentucky Statutes, gives to the circuit court
original jurisdiction of all matters, both in law and equity,
of which jurisdiction is not exclusively delegated to some
other tribunal; and, therefore, no other part of the statutes,
intended to be a complete and consistent system, should be
construed to divest it of jurisdiction of any such matter un-
less it is in express terms or clearly so provided.

Section 143 of the Constitution provides that "a police
court may be established in each city and town of the State,
with jurisdiction in cases of violation of municipal ordi-
nances and by-laws occurring within corporate limits of the
city or town in which it is established, and such *criminal
jurisdiction within the said limits as justices of the peace have.*"

Section 1093, Kentucky Statutes, provides that "justices
shall have jurisdiction exclusive of circuit courts, in all pe-
nal cases, the punishment of which is limited to a fine not

exceeding twenty dollars, and jurisdiction concurrent with circuit courts of all penal cases, the punishment of which is limited to a fine not exceeding one hundred dollars, or imprisonment not exceeding fifty days, or both."

Section 143 of the Constitution in terms restricts the criminal jurisdiction of a police court, within corporate limits of a town or city, to what may be by statute conferred on a justice of the peace; and it seems to us, according to a fair construction, it was not intended the former should have exclusive jurisdiction of any crime or offense denounced and punishable by statute of the State, of which the latter has not also exclusive jurisdiction; nor does section 3513, Kentucky Statutes, properly construed, invest a police court with exclusive jurisdiction of the offense in question or any other specified and made punishable by statute of the State.

Various offenses are there mentioned, as well as certain ones punishable by statute, as others made offenses by municipal ordinances; but as to each offense punishable by statute jurisdiction of the police judge was evidently intended to be concurrent, for the only portion of that section which gives to him exclusive jurisdiction is in these words: "He shall have exclusive jurisdiction of all offenses or causes arising out of ordinances enacted by the council for the enforcement of the powers granted them by law." It seems to us plain the offenses and causes there referred to are such as have origin and existence in virtue of ordinances applicable to the municipality and independent of any statute of the State.

In our opinion the circuit court has jurisdiction of this case, and for error in dismissing the prosecution the judgment is reversed for further proceedings consistent with this opinion.