CASE 12—WARRANT—MARCH 24.

# City of Owensboro v. Simms.

APPEAL FROM DAVEISS CIRCUIT COURT.

99    49
99   356

99    49
116   829
f116  861
99    49
116   829
f116  861

1. PUNISHMENT OF COMMON-LAW OFFENSE BY CITY ORDINANCE.—The provision in section 168 of our Constitution that "no municipal ordinance shall fix a penalty for a violation thereof at less than that imposed by statute for the same offense" applies to offenses only for which a statutory penalty has been fixed.   But the offense in question being punishable only at common law in this State, the municipal ordinance may fix a penalty therefor at less than the common law penalty.

2. POLICE COURTS—JURISDICTION.—Police courts in cities of the third class are given "exclusive jurisdiction of all prosecutions for violations of ordinances or by-laws of the city, occurring within the corporate limits of the city."

LA VEGA CLEMANTS FOR APPELLANT.

1. The framers of the Constitution and of the statutes certainly did not intend to take from the cities that part of their police power which is embraced in common law offenses.   And the fact that the words "imposed by statute" are used in both the Constitution and statutes  seems conclusive that common-law offenses, for

which a penalty is not fixed by statute, were not intended to be included therein.

2. The keeping of a bawdy house in a city may be an offense against the city under an ordinance, and also an offense against the State. (Kemper v. Com., 8 Ky. Law Rep., 763.) It is true that case was decided prior to the passage of the present Constitution, which provides that "a conviction or acquittal under either shall constitute a bar to another prosecution for the same offense," but that provision only refers to and applies to those offenses for which a penalty is "imposed by statute."

BIRKHEAD & CLEMENTS ON SAME SIDE.

SWEENEY, ELLIS & SWEENEY FOR APPELLEE.

No brief in the record.

JUDGE LANDES DELIVERED THE OPINION OF THE COURT.

The only question presented in this case is whether or not the police court of the city of Owensboro, a city of the third class, has jurisdiction to punish one found guilty under an ordinance of the board of council of the offense of keeping a bawdy house, or house of ill-fame, in said city.

It is a common-law offense, and there is no statute of this State that imposes a penalty for it. The offense is punishable, however, at common law upon indictment by fine and imprisonment, at the discretion of a jury. But city ordinance No. 45, which was passed by the board of council of the city and which was approved and went into effect on the 4th day of June, 1894, imposes a penalty for the offense committed within the limits of the city, and reads as follows:

"That any person or persons who shall, in the city of Owensboro, establish or carry on, or permit to be carried on, upon his or her property, any house of ill-fame, shall, upon conviction for each offense, be fined not less than twenty-five nor more than one hundred dollars; that each twenty-

four hours same is carried on, or permitted to be carried on, shall constitute a separate offense under this section."

The appellee was charged and found guilty in the police court of Owensboro, under the foregoing ordinance, of the offense therein named, and a fine of twenty-five dollars was assessed and adjudged against her therefor; but, on appeal from that judgment to the Daveiss Circuit Court, that court, by its judgment, sustained a demurrer to the warrant, and dismissed the warrant on the ground that the police court had no jurisdiction of the said offense, and that judgment is before us on this appeal.

We can not concur in the view held by the lower court, that the police court of the city of Owensboro had no jurisdiction of the offense charged in the warrant against the appellee. A house of ill-fame is a bawdy house, and clause 13 of section 3290 of the Kentucky Statutes expressly empowers the common council of each city of the third class "to prohibit and suppress all gambling houses, disorderly houses and *bawdy houses*." * * *

By clause 22 of the same section the common council of each city of the third class is likewise empowered "to impose fines, forfeitures and penalties and terms of imprisonment for the violation of ordinances and by-laws." * * *

And by clause 40 of the same section authority is given, in general terms, "to carry out the full intent and meaning of this act, and to accomplish the object of this incorporation."

Full power is conferred upon the local authorities of those cities, by the act incorporating them, to provide, not only for the "general health, comfort and convenience" of their inhabitants, but also for "the morals and safety of the public;" and the method which the common council of the city of Owensboro, in its discretion, has chosen to prohibit

and suppress this particular evil, which is detrimental to the morals of the public, is to render any person who shall "establish or carry on, or permit to be carried on, upon his or her property, a house of ill-fame" in the city, subject to the penalty of a fine.

This is not, as it is claimed, prohibited by section 168 of the Constitution, which provides that "No municipal ordinance shall fix a penalty for a violation thereof at less than that imposed by statute for the same offense. A conviction or acquittal under either shall constitute a bar to another prosecution for the same offense."

It will be observed that the restriction upon municipal legislation contained in this section of the Constitution is in respect of offenses to which a statutory penalty has been affixed. Undoubtedly if the General Assembly had by statute imposed a penalty for the offense of keeping a bawdy house greater than that fixed by the ordinance in question, the ordinance would be void under this section of the Constitution, and the police court of the city of Owensboro would have had no jurisdiction to fine the appellee for violating it; but since no statutory penalty has been provided for the offense, the common council of the city of Owensboro had the power, under the act incorporating cities of the third class, to pass the ordinance, and the police court of the city being invested by the act (Kentucky Statutes, section 3359), with "exclusive jurisdiction of all prosecutions for violations of the ordinances or by-laws of the city occurring within the corporate limits of the city," had jurisdiction to try and impose a fine upon appellee for violating the ordinance.

The question suggested by counsel, whether, in the absence of a statutory penalty, a conviction or acquittal of any one charged with a violation of the ordinance would be

a bar to a subsequent indictment and prosecution for the same offense at common law, is not before us in this record, and we do not pass on it.

For the reasons given the judgment of the Daveiss Circuit Court is reversed and the cause remanded for further proceedings consistent with this opinion.