CASE 90—INDICTMENT AGAINT EB. MOREN FOR BREACH OF THE PEACE. —Nov. 20.

## Moren v. Commonwealth.

APPEAL FROM LAUREL CIRCUIT COURT.

DEFENDANT CONVICTED AND APPEALS. AFFIRMED.

POLICE COURTS—JURISDICTION—EXCLUSIVENESS—CONCURRENT JURIS: DICTION—BY WHOM EXERCISED.

Held: 1. Where criminal jurisdiction is concurrent, the court which in good faith first begins prosecution obtains jurisdiction.

2. When construed with Const. section 143, providing for the establishment of police courts, with jurisdiction in cases of vio-lation of municipal ordinances, and such criminal jurisdiction as appertains to justices of the peace, charters of third-class cities and sixth-class towns give police courts exclusive juris-diction only in cases of violation of ordinances, and their crim-inal jurisdiction under general law is merely concurrent with that of the other courts.

SAM HARDIN, ATTORNEY FOR APPELLANT.

Appellant was indicted, tried and convicted in the Laurel

circuit court, of the offense of a breach of the peace, and fined fifty-one dollars. .

The offense was committed within the corporate limits of the town of London, a city of the sixth class in Laurel county.

He entered a plea to the jurisdiction of the Laurel circuit court, upon the ground that the said city of London had passed an ordinance against the offense of a breach of the peace which was in full force and effect at the time of the commission of the offense and at the time of the trial, which pleas was overruled by the circuit court.

We earnestly insist that when a town enacts an ordinance against an offense for which the statute provides, that the statute is suspended within said town, and the town has the exclusive jurisidiction of the offense committed within the corporation.

### AUTHORITIES CITED.

Kentucky Statutes, secs. 966, 3513, 3710; Constitution, sec. 143; Commonwealth v. Wickersham, 17 Ky. Law Rep., 1713; Criminal Code, sec. 13, subsec. 3.

## C. J. PRATT, ATTORNEY GENERAL, AND M. R. TODD, FOR APPELLEE.

In Commonwealth v. Wickersham, 17 R., 1713, this court decided the question as to the meaning and proper construction to be given to the language of the statute, wherein it is said, "He (police judge) shall have exclusive jurisdiction of all offenses or causes arising out of ordinances enacted by the council for the enforcement of the powers granted them by law," and that language was construed to confer exclusive jurisdiction on the police court of offenses and causes which "have their origin or existence by virtue of ordinances applicable to the municipality and independent of any statute of the State."

Manifestly, this meaning was adopted by the framers of the present Constitution, section 143, which provides: "A police court may be established in each city and town in this State, with jurisdiction in cases of violation of municipal ordinances and by-laws occurring within the corporate limits of the city or town in which it is established, and such criminal jurisdiction within the said limits as justice of the peace have." Commonwealth v. Hunton, 19 R., 1109.

OPINION OF THE COURT BY JUDGE NUNN—AFFIRMING.

The appellant appeals from a judgment of the Laurel

Circuit Court rendered against him on an indictment charging him with a breach of the peace, amounting to $51. The appellant on the trial introduced an ordinance passed by the trustees of the town of London, a sixth-class town, fixing the same penalty for a breach of the peace as that fixed by the statutes. All the evidence showed that the offense for which the appellant was tried in the circuit court was committed within the city limits of London. At the conclusion of the evidence the appellant moved the court to give a peremptory instruction upon the theory that the charter of sixth-class towns gave to the police court exclusive jurisdiction of this offense. The court refused to give the instruction, and of this appellant complains.

We are of the opinion that the lower court was right. The cases of Commonwealth of Ky. v. Wickersham, 99 Ky., 21, 17 R., 1317, 34 S. W., 707, City of Owensboro v. Simms, 99 Ky., 49, 17 R., 1393, 34 S. W., 1085, and Commonwealth of Ky. v. Hunter (19 R., 1109), 41 S. W., 284, conclusively settle this question.

In addition to the reasons given in these cases, we may also add that the charter gives to the police court exclusive jurisdiction for the enforcement of all ordinances of the town, and concurrent jurisdiction with justices of the peace, circuit courts, and county courts for the enforcement of the criminal law within its limited jurisdiction. The circuit court in the case before us was not attempting to enforce an ordinance of the town of London. It had no jurisdiction, except on appeal, to enforce such an ordinance, because such jurisdiction was exclusively given to the police court; but by the statutes and section 143 of the Constitution it had concurrent jurisdiction with the police court for the trial of such an offense as charged. Where the jurisdiction is concurrent, as in this case, that court

which, having jurisdiction of the subject-matter and in good faith, first begins the prosecution for the enforcement of the law, gets jurisdiction of the case. Under section 168 of the Constitution, if the appellant had been tried under the ordinance it would have been a bar to a trial under the statutes and vice versa.

The appellant contends that there is a distinction between the powers given police judges in cities of the third class, under which the opinions above referred to were rendered, and the powers given police judges in sixth-class towns. Reading the charters of cities of the third class and towns of the sixth class, and construing them in connection with section 143 of the Constitution, they are only given exclusive jurisdiction to enforce all ordinances and concurrent jurisdiction with other courts in the enforcement of general laws within the territorial limits prescribed by statutes.

Wherefore the judgment of the lower court is affirmed.