ABNER D. SMITH v. STATE OF MISSISSIPPI.

[49 South. 113.]

CRIMINAL LAW AND PROCEDURE.   *Vinous and Spirituous liquors.*   *Malt
liquors.*   *Variance.*

  Under an indictment charging defendant only with having unlaw-
    fully sold vinous and spirituous liquors, he cannot be convicted
    of having unlawfully sold a malt liquor.

FROM the circuit court of Lincoln county.
HON. MOYSE H. WILKINSON, Judge.

Smith, appellant, was indicted and tried for unlawfully sell-
ing vinous and spirituous liquor, was convicted, fined $500 and

sentenced to imprisonment in the county jail for ninety days, and appealed to the supreme court.

The indictment, after the formal prerequisites, averred that the appellant on a certain date "did then and there wilfully and unlawfully sell and retail vinous and spirituous liquors, he, the said Smith, not having authority so to do, contrary to the statute in such case made and provided, and against the peace and dignity of the state of Mississippi." The opinion of the court states the facts.

*A. C. & J. W. McNair* and *Luther L. Tyler,* for appellant.

The indictment did not use the comprehensive term, "intoxicating liquor," nor did it charge the selling of a "malt liquor." According to the testimony introduced by the state, the article sold was beer. The court below assumed that beer was in every case either spirituous or vinous. Code 1906, § 1746, under which the indictment is drawn, provides that "if any person shall sell or barter . . . any vinous, alcoholic, malt or intoxicating or spirituous liquors, or intoxicating bitters, or other drinks, which if drank to excess will produce intoxication, in any quantity less than one gallon, without a license therefore, . . . he shall, on conviction, be fined . . . or imprisoned . . . or both." It is manifest from the wording of this statute that the legislature had in view the distinction between the different kinds of liquor upon which the ban was to be placed; otherwise that body might have been content with the words "vinous" and "spirituous." The addition of the words, "alcoholic, malt or intoxicating bitters, or other drinks" show clearly the intention to signify by plain language that such liquors as were neither spirituous or vinous, in the usual acceptation of these words, were not to be prohibited. *Brantley v. State* (Ala.), 8 South. 816.

Some courts have held that "beer," without qualification, is a "malt" liquor, and therefore within the controlling sphere of a statute prohibiting the sale of malt liquors. Other courts

draw a distinction between "beer" and "lager beer," holding that the court should judicially know that the latter is a "malt" liquor. The argument sustaining the view that "beer" is not "malt" will be found in 90 Ala. 647, 8 South. 855; 24 Fla. 363, 5 South. 8; 120 Ill. 71, 60 Am. Rep. 549. The weight of authority is that beer is neither a spirituous nor a vinous liquor, 17 Am. Eng. Ency. Law (2d ed.), 200. See also *Reyfelt v. State,* 73 Miss. 415, 18 South. 925.

The state, in this case, did not charge that the appellant sold intoxicating or alcoholic liquors, it merely charged appellant with selling spirituous and vinous liquors and the proof failed to conform to the allegations of the indictment. *Boswell v. State* (Miss.), 12 South. 446; *Tyler v. State,* 69 Miss. 395, 11 South. 25.

*George L. Butler,* assistant attorney-general, for appellee.

The indictment charged that the appellant wilfully and unlawfully sold and retailed vinous and spirituous liquors. The proof shows that one Hiram Case, purchased of appellant, two bottles of Schlitz beer. No point was made in the court below as to any variance between the indictment and the proof. The court instructed the jury that if from the evidence they should find beyond a reasonable doubt that appellant "unlawfully and wilfully sold beer to Hiram Case," etc., then appellant must be found guilty.

It will be seen by reference to Code 1906, § 1746, that the sale of any kind of liquors, which if drank to excess will produce intoxication, is prohibited, and, in addition, that the legislature has absolutely prohibited the sale of certain designated liquors, such as vinous, alcoholic, malt or spirituous liquors; and it is perfectly manifest that the sale of any of these designated liquors is a violation of the law, whether they be intoxicating or not.

Code 1906, § 1761, provides that in any indictment under the Dram Shop Chapter, it is not necessary to aver the particular kind of intoxicating liquors sold. Hence, it is sufficient to

allege generally a sale of intoxicating liquors, and it would, of course, be perfectly competent, under such an indictment, to prove the sale of any of the liquors designated in the statute, or any other kind of liquors, which, if drank to excess, would produce intoxication.

The thing condemned by the statute law is the illegal sale of intoxicating liquors. The authorities are practically unanimous in holding that "beer," without any descriptive word, is presumed to be intoxicating. 7 Ency. Ev. 675.

It is, however, insisted by learned counsel for appellant that even if beer is intoxicating, yet inasmuch as the indictment does not allege generally a sale of intoxicating liquors, the instruction granted for the state was fatal. This would, however, be at most a variance between the indictment and the proof. If the evidence, whereof the instruction is predicated, had been objected to because of a variance, the indictment could have been amended so as to conform to the proof. There is no contention that appellant was in any way surprised or prejudiced by this variance.

As showing the trend of our decisions in cases such as this, we cite *King v. State,* 58 Miss. 737 ; *Lemly v. State,* 70 Miss. 241, 12 South. 22. See also *State v. Giersch,* 98 N. C. 720.

FLETCHER, J., delivered the opinion of the court.

The indictment in this case charges appellant with the sale of "vinous and spirituous liquors." It is to be particularly noted that there is no use of the comprehensive term "intoxicating liquors," nor is there any charge of selling "malt liquors." The proof tended to show that appellant sold two bottles of what purported to be beer, but the witnesses did not taste the substance. The court charged the jury, at the instance of the state, that if the jury believed that the defendant sold beer to the witness Case a verdict of guilty should be returned. It is impossible to uphold this conviction in the light of the allegations of the indictment. The state did not charge, as it might

have done, that defendant sold alcoholic or intoxicating liquors. It elected to select two particular varities of intoxicating liquors, spirituous and vinous, and the proof must conform to the allegations. There can be no serious doubt that beer, as commonly prepared, is a malt liquor, as distinguished from spirituous and vinous liquors. *Boswell v. State* (Miss.), 12 South. 446. The question is analogous to the one involved in *Tyler v. State,* 69 Miss. 395, 11 South. 25, in which it was held that, if the indictment undertakes to do the unnecessary thing of setting out the persons to whom the sale was made, then proof must conform to the allegations in these particulars.

*Reversed and remanded.*