COLLOTTA ET AL. *v*. STATE ET AL.

[70 South. 460.]

INTOXICATING LIQUORS. *Injunctions. Statute. Beer. "Vinous liquor." Spirituous liquors.*

Under Laws 1910, chapter 134, as amended by Laws 1912, chapter 256, authorizing an injunction against persons who may sell or give away any "vinous or spirituous liquors" unlawfully, a person who only sold "beer" cannot be enjoined, though the beer contained alcohol, for beer is a malt liquor, and is neither a "vinous nor spirituous" liquor.

APPEAL from the chancery court of Sunflower county.
Hon. E. N. THOMAS, Chancellor.

Bill by the state of Mississippi and others against D.
Collotta and others. From a decree for complainants,
defendant appeals, and Sunflower County and the Town
of Indianola file cross-appeals.

The facts are fully stated in the opinion of the court.

*Frank E. Everett,* for appellants.

*Chapman & Johnson* and *L. F. Easterling,* Assistant
Attorney-General, for the state.

COOK, J., delivered the opinion of the court.

This action was begun in the chancery court of Sun-
flower County by the state and by the ·county of Sun-
flower jointly. The bill of complaint was drawn under
chapter 134, Laws 1910, as amended by chapter 256, Laws
1912, and the complainants sought and obtained an in-
junction restraining defendants from selling the liquors
described in the statutes above mentioned. The bill also
sought and obtained an attachment which was levied up-
on the property of defendants. The defendants in their
answer denied that they had ever sold any vinous or
spirituous liquors. A motion was made to dissolve the
injunction and discharge the attachment. Both motions
were overruled, and a final decree was entered perpet-
uating the injunction.

The case was tried upon an agreed statement of facts,
from which we quote the parts pertinent to the issue
presented to this court, viz.:

"The bill in this cause was filed under chapter 134 of
the Laws of 1910, and the amendment thereto, being
chapter 256 of the Laws of 1912. On or about the 1st
day of January, 1912, D. Collotta commenced business
in a certain building located on part of lot twenty-four
in block O in the town of Indianola, Sunflower county,
Miss., described in the bill of complaint in this cause,
**110 Miss.—29**

paying a privilege tax for a near beer stand, under chapter 97 of the Laws of 1912. The defendant D. Collotta is a son-in-law of Joe Carrero, one of the defendants. The near beer license has always been taken out in the name of D. Collotta and paid for by Joe Carrero with money belonging to Collotta. Continuously from the time of the opening of said business as aforesaid until the writs of attachment and injunction were served in this cause the defendant D. Collotta sold to customers who came to his establishment and called for beer various drinks which had the appearance of beer, and the chemical analysis of which shows the following amount of alcohol by weight and volume in the various drinks sold by D. Collotta, as aforesaid: First, alcohol by volume 3.95 per cent. alcohol by weight, corrected, 3.09 per cent.; second, alcohol by volume, 3.65 per cent., alcohol by weight, corrected, 2.85 per cent.; . . . fourth, alcohol by volume, 3.83 per cent., alcohol by weight, corrected, 2.99 per cent.; . . . tenth, alcohol by volume, 3.61 per cent., alcohol by weight, corrected, 2.81 per cent.; eleventh, alcohol by volume, corrected, 3.55 per cent., alcohol by weight, corrected, 2.77 per cent. All of which was manufactured by Frank Fehe Brewing Company, of Louisville, Ky., and by the Tennessee Brewing Company, of Memphis, Tenn.''

The statute relied on to support the decree of the chancery court provides for the procedure followed in this case against persons who may ''sell or give away vinous or spirituous liquors unlawfully.'' If the liquor sold falls within the definition of the statute, the decree will be affirmed, as this court has already pronounced the statute constitutional. *State* v. *Marshall,* 100 Miss. 635, 56 So. 792, Ann. Cas. 1914A, 434.

It is not claimed, and we believe it cannot be maintained, that the liquor sold by appellant was a ''vinous'' liquor, and so the state insists that the liquor was a ''spirituous'' liquor within the meaning of the statute. It is argued that the liquor as one of its elements con-

tained alcohol, and that alcohol is a spirituous liquor, and
is also intoxicating, and therefore the legislature must
have intended by the use of the word "spirituous" to
give the remedy pursued against persons selling intoxi-
cating liquors. It might be possible to construe the word
as synonymous with "intoxicating," but for the fact that
vinous liquor is also intoxicating, and sometimes con-
tain a much greater percentage of alcohol than the liquor
sold in this instance, and for this reason, if for no other,
it is obvious that the legislature did not think that spirit-
uous would cover vinous liquors. Why add "vinous"
when "spirituous" would have been sufficient? It is to
be assumed that the lawmakers knew the definition the
courts had placed upon the words employed by it.

This court, in *Smith* v. *State*, 94 Miss. 259, 49 So.
113, said:

"There can be no  . . .  doubt that beer, as com-
monly prepared, is a malt liquor, as distinguished from
spirituous and vinous liquors."

It will be seen that it has been judicially declared that
malt liquors and spirituous liquors are entirely different.
Besides, the legislative history of the state will demon-
strate that it has always been deemed necessary to differ-
entiate malt, spirituous, and vinous liquors. The legis-
lature has always classified the liquors differently, and
every cub of the law has always known that his client
could not be convicted for the sale of malt or vinous
liquors under an indictment charging the sale of spirit-
uous liquors. We think the variance in the proof and stat-
ute brings this case within the rules applicable to indict-
ments. The appellant here was charged with selling
vinous and spirituous liquors, while the proof shows that
he did not sell either. The facts in this case seem to indi-
cate that the liquor handled by appellant was a
weak beer. It looked like beer, tasted like beer, was
sold for beer, and, no doubt, the customer thought he was
drinking beer. It was not spirituous liquors either in
the ordinary sense or within the judicial definition of

the word, or within the previous legislation on the subject.

It would be futile to conjecture why the legislature elected to confine the remedy prescribed in the statute to cases wherein the liquor sold was spirituous or vinous. The courts cannot assume the power of legislation, nor presume to write into the statutes words to carry out what the court may conjecture the legislature intended to do.

Reversed and remanded on appeal of D. Collotta and affirmed on appeal of county of Sunflower and town of Indianola.

*Reversed and remanded.*