Massie v. Commonwealth.

---

CASE 77—INDICTMENT—OCTOBER 2.

## Massie v. Commonwealth.

| 90 | 485 |
|-----|-----|
| 103 | 615 |

APPEAL FROM MONTGOMERY CIRCUIT COURT.

WHERE THE JURISDICTION OF AN OFFENSE IS IN TWO OR MORE COUNTIES the defendant has no right to demand that he shall be tried in the county in which he is first arrested. The provision of section 24 of the Criminal Code that in such cases the defendant "shall be tried in the county in which he was first arrested," was not intended for the benefit of the criminal, but to prevent a conflict of jurisdiction.

A horse was stolen in Montgomery county and taken to Bourbon county and sold. The thief was arrested in Bourbon county at the instance of the authorities in Montgomery county, and taken back to

that county, where he was indicted and tried.   *Held*—That the Montgomery court had jurisdiction.

WOOD & DAY FOR APPELLANT.

1  The Montgomery court had no jurisdiction to try the defendant.  If the jurisdiction of an offense be in two or more counties, the defendant must be tried in the county in which he is first arrested.  (Criminal Code, sections 21, 24.)

2. A confession of the defendant out of court will not authorize his conviction, unless it is accompanied not only with other proof that such an offense was committed, but with other proof connecting him with the offense charged.  (Cunningham v. Commonwealth, 9 Bush, 149.)

P. W. HARDIN, ATTORNEY-GENERAL, FOR APPELLEE.

1. Section 24 of the Criminal Code was intended to qualify section 22, and not section 21; but even if it can be construed to apply to section 21, it can not apply in a case where the offense was complete in either county.

2. The confessions of appellant are corroborated not only by proof that the offense was committed, but by proof that he was seen riding the horse the day it was taken to Bourbon county and sold.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellant was indicted and convicted of horse-stealing in the Montgomery Circuit Court.   He is insisting he was tried by a court having no jurisdiction of the offense by reason of section 24, Criminal Code. That section provides: "If the jurisdiction of an offense be in two or more counties, the defendant shall be tried in the county in which he is first arrested, unless an indictment for the offense be pending in another county."

The horse was stolen in Montgomery county and taken to the county of Bourbon and there sold.   He was arrested in Bourbon at the instance of the authorities in Montgomery county, taken back to that county and convicted.   He could have been indicted in either county, and as he was arrested in Bourbon,

Massie v. Commonwealth.

following the letter of the statute, the accused says he ought to have been tried in Bourbon. This provision was not inserted in the Code for the benefit of the criminal, but to prevent a conflict of jurisdiction in cases where it belonged to more than one county—that is, the offense being as complete in Bourbon county as in Montgomery, and there being no indictment in the latter county, if the authorities in Bourbon had arrested the accused for the commission of the offense in that county, the Montgomery court could not have ousted the Bourbon court of jurisdiction, the effect and object of the section being to give the county jurisdiction, when asserted, that first makes the arrest, unless an indictment is already pending for the offense in a county having jurisdiction.

The testimony in this case is conclusive against the accused, both by his voluntary confessions and the testimony of those who saw the accused riding the horse on his way to Paris, where the horse was sold by Finch on the public streets of Paris, with the accused standing not far from where the horse was being sold. The court properly refused to give instruction A, because the instruction in substance had already been given. Instruction B was on the question of jurisdiction, and should have been refused.

Judgment affirmed.