## Elkhanah Clemons, Nathan Clemons, Wilson Clemons and Henderson Combs v. R. C. Stoll, Judge of Fayette Circuit Court and W. W. Williams, Judge, Knott Circuit Court.

(Decided January 12, 1923.)

## Motion for Writ of Prohibition.

1. Prohibition—Criminal Law—Infliction of Wound in One County and Death in Another—Jurisdiction.—If a mortal wound be inflicted in one county and death resulting therefrom ensues in another, the accused may be tried in either county, but the jurisdiction will be in the county of the authorities first causing his arrest, regardless of where the arrest was made, unless an indictment for the offense be pending in the other county.

2. Prohibition—Criminal Law—Jurisdiction—Arrest.—Where either of two counties has jurisdiction of the offense of murder, and a warrant is issued from one county for the arrest of the accused and placed in the hands of the sheriff of the other, and thereafter the sheriff of the other county procures a warrant from the county judge of his county and arrests the accused, the arrest will be treated as made on the warrant first received by the sheriff, and the jurisdiction of the county from which that warrant was issued attaches.

3. Prohibition—Motion for Writ—Criminal Law—Arrest—Jurisdiction.—Where either of two counties has jurisdiction of the offense committed, and a warrant for the arrest of the accused is issued in one of the counties and placed in the hands of the sheriff of the other, and the sheriff thereafter procures a warrant in that county and executes the same, the jurisdiction of the county wherein the warrant was first issued attaches, and any subsequent proceedings had in the other county, at the instance of the friends of the accused, will not defeat the jurisdiction first attaching.

A. FLOYD BYRD for plaintiffs.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for defendants.

OPINION OF THE COURT BY JUDGE MOORMAN—Denying motion for writ of prohibition.

The petitioners, Elkhanah Clemons, Nathan Clemons, Wilson Clemons and Henderson Combs, instituted this proceeding in this court against R. C. Stoll, judge of the Fayette circuit court, and W. W. Williams, judge of the Knott circuit court, to stay proceedings on a bench warrant issued on an indictment returned in the Fayette cir-

cuit court, wherein the petitioners are charged with the murder of Henry Noble. The ground of the proceeding is that the Fayette circuit court has no jurisdiction of the offense with which petitioners are charged, and that, unless prohibited by this court, the defendants will proceed to take the petitioners to Fayette county and to try them on the indictment pending in that county without authority or jurisdiction so to do.

Answer has been filed by the Commonwealth of Kentucky, denying that the Fayette circuit court is without authority to try the petitioners, and alleging that such proceedings as have been had in the Knott circuit court, with regard to the prosecution of petitioners for the murder of Henry Noble, were fraudulently procured and had at the instance of petitioners for the purpose of defeating the rightful jurisdiction of Fayette county. This affirmative defense has been traversed, and on the issues thus made proof has been taken.

In July, 1921, Green Watkins and Henry Noble were mortally wounded in Knott county. Watkins died in that county, but Noble was taken to Lexington, where he died on July 29th. Immediately thereafter a warrant was issued from Fayette county and placed in the hands of the sheriff of Knott county for the arrest of petitioners on the charge of murdering Henry Noble. It is shown in the proof that the killing of Watkins and Noble occurred, at a point near the Breathitt county line, a day or two before the convening of the Knott circuit court, and that friends of the petitioners visited the Commonwealth attorney of the Knott circuit court and urged him to cause indictments to be returned against petitioners in that court at the term then in session, agreeing to surrender the petitioners to the officers of the law upon the return of the indictments; that warrants for the arrest of petitioners had been issued by the authorities of Breathitt county, and the Commonwealth attorney, believing that there was danger of violence if those warrants were executed, agreed to procure indictments in Knott county; and that the friends of petitioners went before the grand jury of that county and assisted in procuring an indictment. Before the return of the indictment, however, the petitioners were arrested by the sheriff of Knott county, who at that time had in his possession three warrants for their arrest, one from Fayette county, one from Breathitt, and one from Knott county. The arrest was made at the solicitation of the friends of the petitioners on the war-

rant from Knott county, which was procured from the county judge by the sheriff on his way to the place designated by the friends of petitioners as the place where they would surrender. After the arrest the petitioners were taken to the Knott county jail and shortly thereafter an indictment was returned against them for the murder of Green Watkins and Henry Noble. They were also indicted in the Fayette circuit court for the murder of Henry Noble. Their cases in the Knott circuit court were continued until the April term, 1922, of that court, when on motion made by the Commonwealth attorney the indictment was quashed and the cases re-submitted to the grand jury. The grand jury returned another indictment against them, charging them with the willful murder of Green Watkins, but made no charge against them for the killing of Henry Noble, it evidently being the view of the prosecuting attorney that for the latter offense the jurisdiction was in Fayette county. A bench warrant having been issued from Fayette circuit court on the indictment returned in that court, the petitioners instituted *habeas corpus* proceedings in Knott county to prevent the execution of the warrant and the taking of them to Fayette county. On the hearing of that proceeding the judge of the Knott circuit court refused to grant the writ but granted to each of the petitioners a temporary bond in the sum of $5,000.00 for his appearance in the Fayette circuit court to answer the charge pending against him in that court.

Under the state of facts given we are asked to prohibit the prosecution on the indictment pending in the Fayette circuit court on the ground that the jurisdiction of the offense, if any was committed, is in Knott county. Section 1147 of Kentucky Statutes provides: "If a mortal wound or other violence or injury be inflicted, or poison be administered, in one county or corporation, and death ensues in another, the offense may be prosecuted in either." Section 21 of the Criminal Code provides: "If an offense be committed partly in one and partly in another county, or if acts and their effects constituting an offense occur in different counties, the jurisdiction is in either county." And in section 24 of the Code it is said: "If the jurisdiction of an offense be in two or more counties, the defendant shall be tried in the county in which he is first arrested, unless an indictment for the offense be pending in another county." Under the section of the statutes cited, jurisdiction of the offense exists in the

county where the mortal wound was inflicted and also in the county where the death ensued; and, under the Code provisions referred to, it has been held that if an indictment is returned in either of the counties having jurisdiction of the offense before the offender is arrested upon the charge in the other county, exclusive jurisdiction attaches to the courts of the county in which the proceeding against him was first instituted, regardless of where the offender may have been arrested.

In this case it is undoubtedly true that Fayette county, as between it and Knott county, was the first to issue a warrant for the arrest of the petitioners. If the issuing of that warrant, and the placing of it in the hands of the sheriff of Knott county for execution, gave to Falette county precedence in the prosecution of the offense, then manifestly the subsequent proceedings in Knott county would not defeat the jurisdiction already fixed; and especially is that true if, as contended by the Commonwealth, the prosecuting attorney for Knott county quashed the indictment in that county and failed to have another returned because of his belief that the jurisdiction was in Fayette county.

Spencer v. Commonwealth, 194 Ky. 699, is decisive of this case. With respect to the jurisdictional effect of the issuing of a warrant this court, in that opinion, said: ''To carry this doctrine of diligence to its logical conclusion, if before an indictment is returned, an officer has in his hands at the same time, process for the arrest of the offender for the same offense from two or more counties having jurisdiction, he should execute first the process which came to his hands, or was issued first.'' And further, ''but the officer with a warrant in his hands cannot, in good faith, disregard the warrant and arrest, as if he had no process, and thus establish jurisdiction in the county where he made the arrest, and defeat the attaching of jurisdiction of the person of the offender in the county from which the warrant issued.'' This language is directly applicable to the facts in the instant case, since the evidence conclusively shows that the sheriff of Knott county, although his purpose seems to have been laudable, held a warrant for the arrest of petitioners from Fayette county prior to the time that he procured the county judge of Knott county to issue a warrant for their arrest, and at the time of arresting them had in his possession not only the warrant from Knott county but also the prior warrant from Fayette county. In these

circumstances he could not by serving the Knott county warrant fix the jurisdiction in that county and defeat the precedence to which the warrant from Fayette county was entitled. Accordingly the arrest must be treated as an arrest on the Fayette county warrant, and as fixing the jurisdiction of the offense in that county. It follows that the jurisdiction, having thus been fixed in Fayette county, could not be defeated by the indictment subsequently returned in Knott county, and particularly so in view of the fact that the indictment was procured by the friends of petitioners with the view of selecting the jurisdiction. Carrington v. Comth., 78 Ky. 83; Hargis v. Parker, 27 Ky. Law Rep. 441.

Our conclusion, therefore, is that the jurisdiction of Fayette county was the first to attach to the offense charged and that court has full authority to proceed with the prosecution against petitioners. The motion is denied and the petition is dismissed.