## Spradlin, et al. v. Commonwealth.

(Decided October 14, 1927.)

### Appeal from Lawrence Circuit Court.

1.   Criminal Law.—Where deceased was wounded in one county and died in another, so that either of the two counties could prosecute the offenders for murder, under Ky. Stats., section 1147; the county which first delivered warrants to the sheriff whose deputy made the arrests obtained exclusive jurisdiction to prosecute the offenders for murder, under Criminal Code of Practice, section 24, though the warrants issued by it charged only malicious shooting and wounding with intent to kill, and though the arrests were made in other county by deputy sheriff thereof on warrants from that county charging murder and were so made at the suggestion of decedent's father.

2.   Criminal Law.—Where deceased was wounded in one county and died in another, so that either of counties could prosecute offenders for murder under Ky. Stats., section 1147, offense of malicious shooting and wounding charged in warrants issued by former county held not merged into crime of murder by death of wounded party, so that prosecution under such warrants was at an end, precluding exercise of jurisdiction in prosecution for murder by such county, since authorities thereof having defendants in custody could change the charge upon which defendant was arrested so as to fit the facts of the case at any time pending the injury.

3. Criminal Law.—It is for the jury to weigh and pass upon conflicting evidence in a criminal case.

4. Homicide.—Evidence in prosecution for murder of constable attempting to serve warrants held sufficient to take question of defendant's guilt of manslaughter to jury.

M. S. BURNS, T. S. THOMPSON and W. T. CAIN for appellants.

FRANK E. DAUGHERTY, Attorney General, and C. F. SEE, JR., and K. C. ELSWICK for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Garfield Meek, Jackie Boothe and appellants, Garfield Spradlin and Walter Osborn, were indicted in the Lawrence circuit court charged with the murder of Bert Preston. The appellants were tried together, and the jury returned a verdict finding them guilty of manslaughter and fixing the punishment of each at confinement in the state penitentiary for a period of five years. In the indictment each was charged with the killing of Preston and also with aiding, abetting, assisting, and encouraging the others in the commission of the crime.

The appellant Garfield Spradlin was a constable of Martin county, and when the killing occurred he was attempting to serve warrants in Lawrence county that had been issued by the authorities of Johnson county. He had a bench warrant for the arrest of Henry Cook indicted for murder and a warrant for the arrest of Bert Preston who was charged with a misdemeanor. A reward had been offered for the arrest of Cook. On the night of May 14, 1925, accompanied by Garfield Meek, Jackie Boothe, and his co-appellant, Walter Osborn, he went to the home of Lige Wallen in Lawrence county. About midnight a man was seen to enter Wallen's home and, believing him to be Henry Cook, the appellant Spradlin directed Garfield Meek and Jackie Boothe to go to the rear of the Wallen house, and he and the appellant Osborn went to the front door. The man that had been seen to enter the Wallen house was the deceased, Bert Preston, who at once went to a room in the rear of the house and prepared to retire. Wallen opened the front door in answer to a knock, and the appellant Spradlin entered the front room with a pistol in his hand. Pointing to a door leading to a room in the rear, he asked Wallen who was there, and Wallen re-

plied, "Bert Preston." About this time those in the front room heard a conversation between Preston and one of the men that had been stationed at the rear of the house, and after a few words had been spoken, the report of a pistol, which the evidence shows was fired by one of the men on the outside. The shooting at once became general, and after it had ceased it was discovered that Preston had been mortally wounded. On the following day Preston was removed from the home of Lige Wallen in Lawrence county to a hospital in Paintsville in Johnson county, where he died on May 17, 1925.

On May 15, 1925, warrants were issued by the county judge of Lawrence county charging Meek, Boothe, and the appellants, Spradlin and Osborn, with maliciously shooting and wounding Bert Preston with intent to kill. These warrants were delivered to Harry Adams, deputy sheriff of Johnson county, on May 16, 1925, and after the death of Preston the county judge of Johnson county issued warrants for Garfield Meek, Jackie Boothe, Garfield Spradlin, and Walter Osborn in which each was charged with murder. These warrants were also delivered to Harry Adams, and he arrested the appellants under the Johnson county warrants and not under the Lawrence county warrants which had theretofore been delivered to him. At the examining trial before the county judge of Johnson county, the appellants waived examination and each of them gave bond for his appearance in the Johnson circuit court. At the next term of the Johnson circuit court the grand jury failed to return an indictment against either of the appellants, and at the October term, 1925, of the Lawrence circuit court, the indictment was returned under which appellants were tried and convicted.

The appellants now insist that they were tried by a court having no jurisdiction of the offense by reason of section 24, Criminal Code, and that is the principal ground urged by them for a reversal.

Section 24 of the Criminal Code provides:

"If the jurisdiction of an offense be in two or more counties, the defendant shall be tried in the county in which he is first arrested, unless an indictment for the offense be pending in another county."

Section 1147, Kentucky Statutes, provides:

"If a mortal wound or other violence or injury be inflicted, or poison be administered, in one county or corporation, and death ensues in another, the offense may be prosecuted in either."

Under this section of the statutes jurisdiction of the offense exists in the county where the mortal wound was inflicted and also in the county where the death occurred, and, under section 24 of the Criminal Code, the defendant shall be tried in the county in which he is first arrested unless an indictment for the offense be pending in another county. In Spencer v. Commonwealth, 194 Ky. 699, 240 S. W. 750, Spencer was indicted and tried in Clark county for the murder of Vernon Bryant. The wound which caused Bryant's death was inflicted in Powell county, but Bryant died in Clark county. A warrant charging Spencer with the crime of murder was issued by the county judge of Clark county. The warrant was delivered to the sheriff of Powell county, but after its delivery to him he arrested Spencer upon a warrant which upon its face appeared to have been issued by the county judge of Powell county, but which, in fact, had not been issued by him at all, and the Clark county warrant was returned with this indorsement: "This man already taken into custody by Powell county authorities." While the decision in the Spencer case turned on the question of collusion between the alleged offender and the arresting officer to fix the jurisdiction in Powell county, in the course of the opinion it was said:

"To carry this doctrine of diligence to its logical conclusion, if before an indictment is returned, an officer has in his hands at the same time, process for the arrest of the offender for the same offense from two or more counties having jurisdiction, he should execute first the process which came to his hands, or was issued first. Of course, in cases of felony, an arrest may be made without process, if the arresting party has reasonable grounds to believe that the arrested party has committed a felony, and in such a state of case, the arrest would be as effective to give jurisdiction as if made upon a warrant, but the officer with a warrant in his hands cannot, in good faith, disregard the warrant and arrest, as if he had no process, and thus establish jurisdic-

tion in the county where he made the arrest, and defeat the attaching of jurisdiction of the person of the offender in the county from which the warrant issued.''

In Clemons v. Stoll, 197 Ky. 208, 246 S. W. 810, the facts were very similar to those in the instant case. Clemons and others were indicted in the Fayette circuit court charged with the murder of Henry Noble. Noble was shot in Knott county, but died in Fayette county. At the time those charged with the murder were arrested the sheriff had in his possession a warrant for their arrest that had been issued by the authorities of Fayette county and also one that had been issued by the authorities of Knott county, but the warrant from Fayette county had been issued before the one from Knott county. The sheriff made the arrest upon the Knott county warrant, but this court held that it was the duty of the sheriff to serve the warrant that had been issued first and that the arrest should be treated as an arrest on the Fayette county warrant and as fixing the jurisdiction of the offense in that county.

Under the rule announced in the cases cited above, exclusive jurisdiction attached to the courts of the county in which the proceeding against appellants was first instituted regardless of where they may have been arrested. Warrants for the arrest of appellants were first issued in Lawrence county, and the delivery of these warrants to a peace officer of Johnson county gave to Lawrence county precedence in the prosecution of the offense, and the arresting officer could not ignore the warrants first issued and by making the arrest upon warrants subsequently issued in Johnson county defeat the jurisdiction already fixed. It is suggested that the father of Bert Preston, upon whose affidavit the Johnson county warrants were based, directed the arresting officer not to serve the Lawrence county warrants but to make the arrest upon the warrants issued by the judge of Johnson county, but he had no authority to control the action of the officer, and, the jurisdiction having already become fixed, no act of his could change it.

Having concluded that the arresting officer should have served the warrants first issued which charged appellants with the offense of malicious shooting and wounding, was that offense merged into the crime of murder by the death of Preston and the prosecution

under the warrants at an end? Commonwealth v. Jones (Judge), 118 Ky. 889, 26 Ky. Law Rep. 867, 82 S. W. 643, 4 Ann. Cas. 1192, is decisive of this question. In that case the accused was arrested in Bullitt county charged with the crime of malicious shooting and wounding with intent to kill. The person shot later died in Jefferson county and the accused was indicted in Jefferson county for murder. In holding that exclusive jurisdiction had been fixed in Bullitt county and that the prosecution under the warrant charging accused with malicious shooting and wounding was not ended by the death of the person shot, but that the examining court could at any time pending the inquiry change the charge upon which the accused was arrested and require him to answer not only the charge upon which he had been presented but any charge connected with or growing out of it, this court said:

"In the case at bar jurisdiction to try the accused was by statute as above indicated, concurrent in the two counties where the crime was committed —the one in which the shot was fired, and the one in which the death resulted. The authorities of the county where the shot was fired first arrested Barbour. So far as he was concerned, the deed was done. It merely depended upon later developments to determine the degree of his crime, if guilty. Having him in custody, it was competent for the examining court of Bullitt county to have changed the charge upon which he was arrested so as to fit the facts of the case at any time pending the inquiry."

We conclude therefore that the jurisdiction of Lawrence county was the first to attach to the offense charged, and that the Lawrence circuit court was authorized to proceed with the prosecution against appellants.

Some question is also made as to the sufficiency of the evidence. There was evidence for the commonwealth tending to show that appellants and those indicted with them began firing at Preston before he fired and when they were in no real or apparent danger, while the evidence for appellants tended to show that Preston began the shooting and they shot in self-defense. There was sufficient evidence to take the case to the jury, and it was its province to weigh and pass upon the conflicting evi-

dence and determine from it the guilt or innocence of the accused.

Appellants rely on no other grounds for reversal, and, finding no errors prejudicial to their substantial rights, the judgment is affirmed.