# Commonwealth v. Wolfford.

(Decided March 23, 1934.)

BAILEY P. WOOTTON, Attorney General, D. C. WALLS, Assistant Attorney General, W. J. FIELDS, Commonwealth Attorney, and H. H. RAMEY and W. R. PRATER for petitioner.

S. MONROE NICKELL for respondent.

OPINION OF THE COURT BY JUDGE DIETZMAN—Denying writ of prohibition.

The facts in the instant case are agreed, and are these: Jack Bays was shot and wounded by Herman Stephens in Morgan county on the 20th day of November, 1928. On the 21st day of November, 1928, the county judge of Morgan county issued a warrant for the arrest of Herman Stephens, charging him with the offense of malicious shooting and wounding. As Stephens had fled the state, this warrant was not and has never been served. Bays was taken to Johnson county, where, on the 22d day of November, 1928, he died from the effects of the wound he had received at the hands of Stephens. On the same day that Bays died, the grand jury of Johnson county returned an indictment against Stephens, charging him with the murder of Bays. A bench warrant was duly issued from the Johnson circuit court and placed in the hands of the sheriff of Johnson county, but as Stephens had left the state and concealed himself, it was and has never been served. In December, 1928, the grand jury of Morgan county likewise returned an indictment against Stephens charging him with the murder of Bays. A bench warrant was duly

594

issued on this indictment and placed in the hands of the sheriff of Morgan county. It was not served for some time because of Stephens' concealment. However, later the sheriff of Morgan county located Stephens in Detroit, Mich. The sheriff went to Detroit and had Stephens returned to Morgan county, where he arrested Stephens on the 15th day of November, 1933, on the bench warrant issued from the Morgan circuit court. The respondent, the Honorable G. W. E. Wolfford, judge of the Morgan circuit court, declaring that he would proceed to try Stephens for murder under the indictment returned in the Morgan circuit court despite the contention of the commonwealth that the jurisdiction to try Stephens for the murder of Bays was in the Johnson circuit court under the indictment returned by the grand jury of that county, this proceeding for a writ of prohibition was instituted in this court to prohibit the respondent from trying Stephens in the Morgan circuit court, and the question we have for decision is whether under the facts as above stated the Morgan circuit court has jurisdiction to try Stephens for the murder of Bays or is that jurisdiction now lodged in the Johnson circuit court.

At the outset, it may be emphasized that there is no charge of collusion on the part of Stephens and the officers or of fraud upon the part of the officers in attempting to vest either the Johnson circuit court or the Morgan circuit court with jurisdiction to try Stephens, and hence this case is unlike those of Spencer v. Commonwealth, 194 Ky. 699, 240 S. W. 750, Spradlin v. Commonwealth, 221 Ky. 372, 298 S. W. 952; and Clemons v. Stoll, 197 Ky. 208, 246 S. W. 810. The precise question presented by the instant case has not heretofore been decided as a reading of the above-cited opinions and others will disclose. Bays having been shot in Morgan county and having died from the effects of the wounds thus received in Johnson county, the offense of thus shooting and killing Bays may under our statutes, section 1147, be prosecuted in either county. In the absence of a statute governing the matter as to which court shall have jurisdiction where the jurisdiction is concurrent, it is well settled that the court having jurisdiction of the offense which first obtains jurisdiction of the accused retains it to the exclusion of the other. Cf., Moren v. Commonwealth, 116 Ky. 859, 76 S. W. 1090, 25 Ky. Law Rep. 1042; 16 C. J. 148. In order to obtain

jurisdiction of the accused, it is necessary that the accused be arrested under process issuing from the court claiming the jurisdiction. Smith v. State, 93 Miss. 257, 49 So. 113. Cf., Prater v. Commonwealth, 216 Ky. 451, 287 S. W. 951. Hence it is that in the absence of a statute controlling the matter, Stephens having been first arrested under process issuing from the Morgan circuit court, it would have jurisdiction to the exclusion of the Johnson circuit court. The only modification by statute of this common-law rule that we have in this state is that to be found in section 24, of the Criminal Code of Practice, which reads:

> "If the jurisdiction of an offense be in two or more counties, the defendant shall be tried in the county in which he is first arrested, unless an indictment for the offense be pending in another county."

As applied to the facts of this case, this section of the Code requires construction. It will be noted that it does not provide that the indictment which is pending in the other county at the time the offender is arrested shall be the senior indictment if there be two. Literally it forbids the county in which the offender is first arrested to try him if any indictment for the offense, senior or junior, be pending in another county. Under such literal reading of this Code provision, Stephens would escape trial in both counties because if first arrested in Johnson county he could point to the pendency of the indictment in Morgan county, even as if arrested in Morgan county he could point to the pendency of the indictment in Johnson county. It is obvious that the framers of the Criminal Code meant no such absurd result. As the framers made no distinction between the senior and junior indictments in the language they used with reference to the indictment mentioned in this section 24, of the Criminal Code of Practice, we cannot conclude that they intended to make the jurisdiction turn on the question of seniority of indictments. Of course, they knew the common law that where two indictments are pending, the court which first arrests the accused by a process under its indictment acquires jurisdiction of the accused even though such indictment be the junior one. Therefore, we are forced to the conclusion that the framers of the Criminal Code were providing for a situation where the accused was arrested at a time when no indictment was then pending against

him in the county where he was arrested, and under such circumtances meant to fix the jurisdiction in the county where the accused was so first arrested unless an indictment were pending in some other county. If an indictment were pending in such other county, then they meant that the court of the indictment should not have its jurisdiction to try the offender ousted by an arrest in some other county. But if more than one county had indicted this offender, then they meant the common-law rule to prevail to the effect that the county which first arrested the offender under its indictment should have jurisdiction to try him. The result thus arrived at receives support in this language from the case of Commonwealth v. Jones, Judge, 118 Ky. 889, 82 S. W. 643, 645, 26 Ky. Law Rep. 867, 4 Ann. Cas. 1192, where it is said:

"Section 24, Cr. Code Prac., merely defines what would probably have been the judicial course in its absence, which is that, if neither court has gone so far as to find an indictment, thereby taking jurisdiction of the offense, then any other court in which it may be tried originally can, by taking the accused into custody, affix its jurisdiction as the exclusive one in the matter."

Applying the principles to the instant case, we find that Stephens was taken into custody under a bench warrant issued from the Morgan circuit court under an indictment pending in that court. Section 24, of the Criminal Code of Practice, not applying to such a situation, the common-law rule prevails and the Morgan circuit court having first secured jurisdiction of the accused retains it to try him though its indictment be the junior one in point of time. It follows that the writ of prohibition herein requested must be and it is hereby denied.

Whole court sitting.