# Commonwealth v. Ward.

December 3, 1948.

Frank Ropke, Commonwealth Attorney, for petitioner.

Don A. Ward and S. E. Duff for respondent.

OPINION OF THE COURT BY JUDGE LATIMER—Denying writ.

The question presented is whether Jefferson County or Perry County has jurisdiction to try Buster Fugate on the charge of murder.

This is an original proceeding by the Commonwealth seeking a writ of prohibition to be directed to S. M. Ward, Judge of the Perry Circuit Court.

Wallace Amburgey was shot and wounded in Perry County on the 15th day of July, 1948. Within a few hours after the shooting Buster Fugate was placed under arrest and lodged in the Perry County Jail. On July 17th a warrant was issued by the County Judge of Perry County charging him with the crime of malicious shooting and wounding with intent to kill. On that same day Fugate was released on bail. After Wallace Amburgey had been shot he was first taken to the Mount Mary Hospital in Perry County. On the following day he was taken to the Nichols General Hospital in Jefferson County, where he died on the 18th day of July. At the hour of 9:20 a. m. on the 19th day of July, the Judge of the Jefferson Quarterly Court issued a warrant of arrest

against Fugate charging him with the crime of willful murder. At about the hour of 11:00 a. m. on the same day Taylor Witt, County Judge of Perry Count, issued a warrant charging Buster Fugate with willful murder. The return on the last warrant shows that it was executed by arresting Fugate and delivering him to the County Jail on the 19th day of July at 7:30 p. m.

The warrant issued from Jefferson County was delivered to Ball Amos, a State Police Officer, at 5 o'clock p. m. on the 19th and the return shows that it was executed by reading same to the accused at the hour of 8:20 a. m. July 20th. On the 26th day of July an examining trial was held in the case, at which time the Commonwealth Attorney of the 33rd Judicial District filed motion to quash the Perry County warrant on the ground that Jefferson County had issued a warrant against the accused and had taken jurisdiction of the case. The Judge overruled this motion. The accused then waived examining trial and was committed to jail without bail.

On the 1st day of September, 1948, the Grand Jury of Jefferson County indicted Fugate, charging him with the crime of murder. Thereupon, a bench warrant was issued directing the Sheriff of Jefferson County immediately to arrest Fugate and deliver him to the Judge of the Jefferson Circuit Court, Criminal Division, to be dealt with according to law. On the following day Elmer Holliday, Sheriff of Perry County, went to the Perry County Jail and, after reading the warrant, requested the jailer of Perry County to deliver to him the accused upon that warrant. This request was refused by the jailer.

On the 9th day of September, the Grand Jury of Perry County indicted Fugate charging him with the crime of murder. The respondent, Judge S. M. Ward, set his case down for trial for the 14th day of the September term of the Perry Circuit Court. Whereupon, the petition herein was filed seeking a writ prohibiting Judge Ward from proceeding therein.

KRS 431.050 provides: "If a mortal wound or other violence or injury is inflicted, or poison administered, in one county, and death ensues in another, the offense may be prosecuted in either county."

The situation here is precisely that as anticipated by the above statute. The fact that Amburgey was shot in Perry County and died in Jefferson County, reposes in those counties concurrent jurisdiction.

Section 24 of the Criminal Code of Practice provides: "If the jurisdiction of an offense be in two or more counties, the defendant shall be tried in the county in which he is first arrested, unless an indictment for the offense be pending in another county."

We must, therefore, decide, keeping in mind the provisions above and the undisputed facts herein, which county acquired jurisdiction. Petitioner herein insists that Jefferson County first acquired jurisdiction. Respondent insists that Perry County first acquired jurisdiction.

For a proper consideration we must not be unmindful of the history of the case. The shot was fired and the mortal wound was inflicted in Perry County. Fugate was immediately thereafter arrested and charged with the crime of malicious shooting and wounding with intent to kill. At the time of the death of Amburgey in Jefferson County, Fugate was under bond on the above charge.

Petitioner takes the position that because Jefferson County issued a warrant for murder immediately after the death of Amburgey and about 2 hours before the issuance of a like warrant in Perry County, Jefferson County acquired jurisdiction of the case. The Code provision above states that jurisdiction is acquired first by the county in which the accused is first arrested unless an indictment for the offense be pending in another county. It will be noted from the facts above that the warrant from Perry County, even though issued about 2 hours after the warrant in Jefferson County, was served first.

Petitioner insists further that since Jefferson County indicted first and issued a bench warrant thereon, that fact is conclusive that Jefferson County first acquired jurisdiction. Respondent takes the position that Perry County first exercised jurisdiction when it arrested Fugate under the warrant of malicious shoot-

ing and wounding with intent to kill, and that it never relinquished that jurisdiction at any time.

In Spradlin et al. v. Commonwealth, 221 Ky. 372, 298 S. W. 952, the victim was shot in Lawrence County and died in Johnson County. The first warrant was procured in Lawrence County for malicious shooting and wounding with intent to kill. The second warrant was procured in Johnson County and was for murder. Both warrants were placed in the hands of the Sheriff of Johnson County and the arrest was made on the murder warrant. We held that the County which first delivered warrant to the Sheriff, even though it charged only malicious shooting and wounding with intent to kill, should have been executed first, and that Lawrence County acquired jurisdiction.

Citing and relying upon Commonwealth v. Jones, 118 Ky. 889, 82 S. W. 643, 4 Ann. Cas. 1192, as decisive of the question, we said [221 Ky. 372, 298 S. W. 954]:

"Having concluded that the arresting officer should have served the warrants first issued which charged appellants with the offense of malicious shooting and wounding, was that offense merged into the crime of murder by the death of Preston and the prosecution under the warrants at an end? Commonwealth v. Jones (Judge), 118 Ky. 889, 82 S. W. 643, 26 Ky. Law Rep. 867, 4 Ann. Cas. 1192, is decisive of this question. In that case the accused was arrested in Bullitt county charged with the crime of malicious shooting and wounding with intent to kill. The person shot later died in Jefferson county and the accused was indicted in Jefferson county for murder. In holding that exclusive jurisdiction had been fixed in Bullitt county and that the prosecution under the warrant charging accused with malicious shooting and wounding was not ended by the death of the person shot, but that the examining court could at any time pending the inquiry change the charge upon which the accused was arrested and require him to answer not only the charge upon which he had been presented but any charge connected with or growing out of it, this court said:

" 'In the case at bar jurisdiction to try the accused was, by statute as above indicated, concurrent in the two counties where the crime was committed—the one in

which the shot was fired, and the one in which the death resulted. The authorities of the county where the shot was fired first arrested Barbour. So far as he was concerned, the deed was done. It merely depended upon later developments to determine the degree of his crime, if guilty. Having him in custody, it was competent for the examining court of Bullitt county to have changed the charge upon which he was arrested so as to fit the facts of the case at any time pending the inquiry.' "

See also Commonwealth v. Wolfford, 253 Ky. 593, 69 S. W. 2d 1012.

In the Jones case above, where, as in the instant case, the prisoner was out on bail, we said [118 Ky. 889, 82 S. W. 645]: "The prisoner was no less in the custody of the court because he was out upon bail. His bail was his gaoler, as has been said, who had undertaken to have him present at the time appointed by the committing magistrate and at all times pending the inquiry to answer not only the charge upon which he had been presented, but any charge connected with or growing out of it, of which, in the judgment of the court, the accused was probably guilty.''

The case at bar is analogous to the Jones case above. As it was there, so should it be here.

The writapis denied.