Talmadge MARCUM, Petitioner,

v.

Joseph J. BRADLEY, Respondent.

Court of Appeals of Kentucky.

June 16, 1964.

Charles M. Tackett, Lexington, Lester H. Burns, Manchester, for petitioner.

Robert Matthews, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for respondent.

CULLEN, Commissioner.

In an original proceeding in this Court, Talmadge Marcum seeks an order prohibiting Joseph J. Bradley, Judge of the Fayette Circuit Court, from proceeding with a prosecution of Marcum for murder under an indictment returned by the Fayette County grand jury. The ground upon which the petition is based is that the proper venue of the prosecution is in Jackson County.

Marcum is accused of shooting, in Jackson County, a man whose death ensued in Fayette County. Under KRS 452.560 a prosecution could be initiated in either county. However, KRS 452.630 provides:

"Where the venue of a prosecution is in two or more counties, the prosecution shall proceed in the county in which the process for the arrest of the defendant is first issued, unless an indictment for the offense is pending in another county."

Marcum was arrested in Jackson County, pursuant to a warrant, prior to his indictment in Fayette County and arrest thereunder. He contends, therefore, that Jackson County has sole authority to proceed with the prosecution.

The shooting occurred on May 19, 1963, and the death occurred on the next day. On the latter day Marcum surrendered himself to the jailer of Jackson County and was served with a warrant. He was taken before the county judge and, after being bound over to the grand jury, was released on bond. However, notwithstanding that the officer who swore out the complaint appeared before both the June and September grand juries, neither one returned an indictment against Marcum. The Fayette County indictment was returned in September.

Under RCr 5.22 the failure of the Jackson County grand jury to indict Marcum at its June session operated to discharge him and to terminate the prosecution pursuant to the warrant. Therefore, when the indictment was returned by the Fayette County grand jury, no prosecution was pending in Jackson County.

We think the plain meaning of KRS 452.630 is that the first-process county has exclusive venue only so long as a prosecution "proceeds" in due course in that county; when the prosecution in that county ceases (before reaching the jeopardy stage) the right of exclusive venue ceases. Cf. Carroll v. Commonwealth, Ky., 294 S.W.2d 938; Hughes v. Commonwealth, Ky., 295 S.W.2d 350; Clemons v. Stoll, 197 Ky. 208, 246 S.W. 810.

The statute is not designed for the benefit of the offender, but to determine the jurisdiction in which he shall be tried. Massie v. Commonwealth, 90 Ky. 485, 14 S.W. 419. So long as the accused is not put in jeopardy by the proceedings in both counties, it cannot be the subject of complaint from him which of them takes the jurisdiction and proceeds with his trial *so long as only one does so.* Hargis v. Parker, 85 S.W. 704, 27 Ky.Law Rep. 441, 69 L.R.A. 270. The statute is not to be so construed as to permit the offender to escape the consequences of his crime through refusal of the authorities of the first-process county to prosecute. Spencer v. Commonwealth, 194 Ky. 699, 240 S.W. 750.

The petition is denied.