## Craft v. Commonwealth.

(Decided October 31, 1922.)

### Appeal from Floyd Circuit Court.

1. Intoxicating Liquors—Search Warrant—Validity.—As neither the premises, baggage nor personal effects of a person can lawfully be searched, or what is thereby discovered or seized used as evidence against him, without a valid search warrant authorizing same, to justify such search and seizure by an officer of the Commonwealth and the use as evidence against a defendant of whiskey or other thing thereby discovered and seized, it must be established by the evidence that the search was made and the whiskey or other property thereby discovered obtained, under authority conferred by a valid search warrant, which can best be established by the introduction in evidence of the warrant.

2. Intoxicating Liquors—Search Warrant—Evidence.—Where, as in this case, the only evidence against the defendant on trial for the offense of unlawfully transporting spirituous liquor, was furnished by the oral testimony of an officer and his posse that whiskey

was discovered by them in his suit case by a search thereof under a search warrant then in their possession, but which warrant was not introduced in evidence on the trial nor its loss accounted for by competent evidence, the failure of the trial court to exclude, upon the appellant's objection, the whole of the evidence referred to and direct his acquittal by the jury, was reversible error.

3.   Intoxicating Liquors—Lost Records—Evidence.—That official documents or writs do not appear of record, or on file, or were once of record. or on file and lost, must be proved by the sworn testimony of the person who is the legal custodian of the document, writ or other record; such custodian, if accessible, being the only competent witness in such case. But if not accessible, the loss of such document, writ or record may be established by the testimony of any other competent person.

B. M. JAMES for appellant.

CHAS. I. DAWSON, Attorney General, and CHAS. W. LOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The appellant, Ellis Craft, following his indictment in the Floyd circuit court for unlawfully transporting spirituous liquor, was tried and convicted of the offense in that court and his punishment fixed by verdict of the jury and judgment of the court at a fine of $175.00, and confinement of thirty days in jail. He insists upon this appeal that he was convicted under an indictment that was fatally defective and upon incompetent evidence; and that he should have been acquitted by a directed verdict.

The objection respecting the alleged insufficiency of the indictment raised by the appellant's demurrer to same, was that in attempting to negative the exceptions contained in the statute that permit the transporting of such liquor for "sacramental, medicinal, scientific or mechanical purposes," the indictment omitted the word "purposes." The objection is highly technical and, we may add, trivial. The word omitted is so well known to be a part of the exception in the statute and its omission so palpably a mistake of the draftsman of the indictment, that the appellant could not have been misled by its absence therefrom. He could not have failed to understand from the allegations of the indictment the offense with which he was thereby charged, or that if the liquor was transported by him for any of the uses mentioned in the exception, proof thereof by him would re-

sult in his acquittal. It is, therefore, concluded that he could not have been prejudiced in any substantial right by the defect in the indictment complained of. Criminal Code, section 122, subsection 2; Walker v. Commonwealth, 193 Ky. 656; Arnold v. Commonwealth, 194 Ky. 421.

The appellant's second complaint presents a more serious question. It appears from the testimony of the officer and some of the posse by whom he was arrested that the "moonshine" whiskey found in his possession was concealed in a suit case owned by him and discovered by a search made of the suit case by them. The witnesses, or some of them, also testified that the search of the suit case resulting in the discovery of the whiskey was made by virtue of a search warrant issued for that purpose by Judge Hill, county judge of Floyd county, a few minutes before the discovery of the whiskey in the suit case. The search warrant was not produced or put in evidence on the appellant's trial, though the witnesses were allowed to freely testify as to when it was issued and as to its contents. The appellant specifically objected to all evidence regarding the search warrant and also as to the discovery and seizure of the whiskey thereunder; but all these objections were overruled by the court, to each of which rulings the appellant duly excepted. Epp Lafferty, town marshal of Prestonsburg, by whom the search warrant was procured and executed, testified that he returned it to the county judge. The only attempt that was made to account for the absence of the search warrant or the failure of the Commonwealth to introduce it in evidence, was by the following last and leading question put to Epp Lafferty by the Commonwealth's attorney on Lafferty's re-direct examination:

"I believe you tell the jury you and Judge Hill made a search for this warrant and were not able to find it?" In answer to which the witness said: "Yes, sir."

The incompetency of all the foregoing evidence is manifest, the reasons for so declaring it being fully set forth in the following excerpt quoted from the opinion in the recent case of Cline v. Commonwealth, 195 Ky. 806: "As it appears from the evidence that the discovery and seizure of the whiskey in appellant's possession was attempted to be justified by the officer's possession of a search warrant, the validity of which, though objected to and attacked, was not established by the introduction of the warrant itself or proof of its loss and contents, this

case, upon its facts, comes clearly within the rule announced in Youman v. Commonwealth, 189 Ky. 152, and other authorities therein cited. In that case it was held that neither the premises, person, baggage nor personal belongings of a citizen can lawfully be searched or seized without a valid search warrant authorizing it; that evidence obtained by an officer, such as whiskey or other thing seized, in making an unlawful search is incompetent, and that objection to its introduction may be made when it is offered on the trial. As the only evidence establishing the appellant's guilt was obtained by means of the alleged existence of a search warrant, which was not produced as evidence on the trial, and the validity of which was properly objected to and not established by the Commonwealth, it follows that, on the ground of failure of evidence, he was entitled to a peremptory instruction directing his acquittal.''

The judicial officer issuing a search warrant becomes, after such warrant has been executed and returned to him, its legal custodian and charged with the duty of filing and preserving it as other like documents and records of his office are required to be kept by him. He, therefore, is primarily the person to be called on to testify as to the authenticity or genuineness of such writs as may have been issued by or returned to him or to account for their absence from his custody, and if lost, what effort has been made to ascertain that fact or to find or restore them. That official documents or writs do not appear of record, or were once of record and lost, must be proved by the sworn testimony of the person, who is the legal custodian of the document, writ or other record; such custodian, if accessible, being the only competent witness in such case. But if not accessible the loss of the document, writ or other record may be established by the testimony of any other competent person. 17 Cyc. 499; 25 Am. & Eng. Ency. Law, 166-9; Nuttall's Admr. v. Brannen's Exr. 5 Bush, 11; 1 Starkie, 350-1. When the loss of a record or other legal document is once established and no authenticated copy thereof is to be had, its contents may be proved by parol evidence.

As the county judge who had issued the search warrant under which the appellant's suit case was searched, and became its legal custodian when returned, was not shown to have been inaccessible when the appellant's trial took place, but was, as it appears, then in Prestonsburg, he instead of Lafferty, the town marshal, should

have been introduced as a witness to prove the loss, if it was lost, of the search warrant in question, what effort was made to find it and the result. In the state of case presented by the record before us we do not think Lafferty's testimony as to the loss of the search warrant was competent; hence, it follows that all evidence as to its contents, as well as the search for and discovery of whiskey in the suit case was incompetent and should, when objected to by the appellant, have been excluded from the consideration of the jury.

In other words, there was no competent evidence conducing to prove the appellant's guilt. Therefore the refusal of the trial court to peremptorily instruct the jury to acquit the appellant, as requested by him at the conclusion of the evidence, was reversible error. For the reasons indicated the judgment is reversed for a new trial and such other proceedings as may not be inconsistent with the opinion.