## Fairchild v. Commonwealth.

(Decided January 19, 1923.)

### Appeal from Johnson Circuit Court.

Intoxicating Liquors—Lost Search Warrant—Burden of Proof.— The burden is on the Commonwealth to show that a search of the person or premises of another was justified by a proper warrant duly issued for the purpose, but if it should appear by proper evidence that the warrant is lost or misplaced oral proof of its contents may be introduced, neither of which was done in this

case; nor was the affidavit upon which the alleged warrant issued sufficient under the doctrine of the case of Price v. Commonwealth, 195 Ky. 711.

W. J. WARD for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant, Warnie Fairchild, was tried and convicted in the Johnson circuit court on an indictment charging him with unlawfully having in his possession intoxicating liquor. His motion for a new trial was overruled and he has appealed. The principal ground argued for a reversal and the only one possessing merit, according to our view, is the improper admission of evidence offered by the Commonwealth.

The witnesses for the Commonwealth were officers who searched defendant's residence and found therein the liquor claimed to be in his possession, and it is doubtful from their testimony whether there was ever issued a warrant to search *his* residence where the whiskey was found; but whether so or not, all the testimony with reference to the finding of the whiskey, and which was all there was on the issue, was objected to and the objections were overruled, to which exceptions were taken and the testimony of each witness touching the finding of the liquor was sought to be excluded from the jury by a motion made for that purpose, which was also overruled and to which appellant excepted. From the testimony of those who found the whiskey, it appears that some one of them had what might be termed a "blanket warrant" to search the premises of a number of persons living along a certain creek or branch in the county, which was issued by the county judge, but none of them knew whether appellant's name was contained in that warrant, though the county judge testified that it was. Nobody pretended to give the contents of the warrant and it was not proven that it was lost or otherwise misplaced.

In the case of Craft v. Commonwealth, 196 Ky. 277, it was held that when evidence discovered by means of a search was objected to it was the duty of the Commonwealth to exhibit a proper warrant authorizing it, or if it was lost to establish the fact by proof of its proper contents. Neither course was pursued in this case; the

warrant was not produced, nor was there any evidence introduced showing that it was lost, nor was there any proof showing that it contained the proper authority to search the particular premises. Since the burden was on the Commonwealth, under the case referred to, to prove those facts, in order to justify the search, the evidence of the witnesses, which was objected to and which appellant moved to exclude, was incompetent, and without it there was no evidence authorizing a submission of the case to the jury.

Under the doctrine of the same case, after the Commonwealth exhibited, or properly accounted for and proved the contents of the search warrant, the burden was shifted to the defendant to show the defects, if any, in the affidavit on which it issued. The affidavit was introduced in this case, and it did not measure up to the requirements, as held in the case of Price v. Commonwealth, 195 Ky. 711, and other cases following it.

It is therefore manifest that the judgment is erroneous and must be and it is reversed with directions to grant the new trial and for proceedings consistent herewith.