## Bates v. Commonwealth.

(Decided February 13, 1923.)

### Appeal from Knott Circuit Court.

1. Intoxicating Liquors—Search Warrant—Evidence—Admissibility.— Evidence obtained by the search of one's premises is not admissible where the search warrant is not produced or its loss accounted for and its contents shown.

2. Intoxicating Liquors—Evidence—Reputation of Accused—Admissibility.—Where the offense was committed prior to the enactment of the prohibition act of 1922 the reputation of accused as a moonshiner was not admissible.

3. Indictment and Information—Duplicity—Election—Instructions.— Where the indictment charges several offenses the Commonwealth should be required to elect which it shall prosecute, and only that offense shall be submitted to the jury.

4. Intoxicating Liquors—Possessing Moonshine Liquors—Trial—Instruction.—An instruction authorizing the conviction of the accused if he had in his possession "anything that may be used in the operation of a moonshine still" is not proper, but an instruction defining moonshine still in the language of the statutes should have been given.

5. Intoxicating Liquors—Possessing Moonshine Still—Trial—Instruction—Appeal and Error.—An instruction telling the jury that tubs of the kind and character described by the witnesses were parts of a moonshine still, if found in connection with other parts of the still, and authorizing the conviction of the accused if they believed from the evidence that the tubs had been used by the accused. "or any one else with his knowledge or consent at the place near his house," was erroneous, since the accused could have been convicted under the instruction even though the tubs were used by members of his family for a purpose having no connection with a moonshine still.

JOE HALL for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

The indictment under which appellant was convicted accused him of the "offense of having in possession and aiding and assisting and harboring a moonshine still, committed in manner and form as follows, to-wit: The said defendant on the 26th day of July, 1920, in the county and circuit aforesaid, did unlawfully have in his possession, operate and aid, assist, harbor and encourage persons in the operation of a moonshine still."

The officers testified that they went to appellant's land and found a moonshine still thereon two or three hundred yards from the house, and a path leading from the still down the hill to the cleared land a short distance above appellant's house, but found no path leading to the house. They also found an old site where a moonshine still had been operated on appellant's land, and the outfit had been cut up. They further stated that they found three tubs at the edge of appellant's yard, and that they smelled sour and contained particles of meal, but they saw no one at the still and did not know who had been operating it. They further said that they

had a search warrant but did not produce it or account for its loss. There was further evidence that appellant's reputation for making moonshine whiskey was bad. All this evidence was objected to by appellant.

Appellant testified that he had no knowledge that the still was on his land until it was found by the sheriff, and that he had no interest whatever in the still; that he was a badly crippled man and was nearly blind; that the place where the still was found was on a steep hillside, and that he was not able to travel over the same and was not in the habit of traveling except on horseback or in a vehicle; that the tubs which were found by the officers were used by the family for pickling purposes and how they came to be at the edge of the yard, he did not know, unless the family had set them there for the purpose of drying or cleaning them for future use.

Instruction No. 1 authorized appellant's conviction if the jury believed from the evidence beyond a reasonable doubt that he "operated a moonshine still, or had in his possession a moonshine still, or any part of a moonshine still, or anything that may be used in the operation of a moonshine still." Instruction No. 2 authorized the jury to find appellant guilty if they believed from the evidence beyond a reasonable doubt that he "knowingly harbored or aided, assisted, encouraged, advised or permitted another to operate a moonshine still on his premises," In instruction No. 3 the jury were told that tubs of the kind and character described by the witnesses are parts of a moonshine still, if found in connection with other parts of a still, and that if they believed these tubs had been used by the defendant or any one else with his knowledge or consent, at the place near his house, they should find him guilty.

The officers did not testify to facts bringing the case within the exception to the rule requiring a search warrant. Brent v. Commonwealth, 194 Ky. 504, 240 S. W. 45. On the contrary, they attempted to justify the search under a search warrant, but as they did not produce the search warrant, or account for its loss and show its contents, there was no competent proof that they had a search warrant, and that being true, the evidence obtained by the search should have been excluded from the jury.

The court also erred in permitting the Commonwealth to show that appellant's reputation as a moonshiner was

bad. While this character of evidence is admissible under the prohibition act of 1922 (Laws 1922, c. 33) the offense charged against appellant was committed prior to its enactment, and under the law then in force, such evidence was not admissible. Owens v. Commonwealth, 188 Ky. 498, 222 S. W. 524.

As the indictment charges several offenses, the Commonwealth should have been required to elect which offense it would prosecute, and only that offense should have been submitted to the jury.

Also we deem it proper to add that instruction No. 1 went too far in authorizing appellant's conviction if he had in his possession "anything that may be used in the operation of a moonshine still." If this be the law, then the statute is being violated by every householder in the state, for there is no home in which there may not be found something "that may be used in the operation of a moonshine still." It follows that the quoted words should have been omitted from the instruction, and that another instruction should have been given defining a moonshine still in the language of the statute.

Instruction No. 3 is erroneous in that, after telling the jury that tubs of the kind and character described by the witnesses were parts of a moonshine still if found in connection with other parts of a still, it authorized appellant's conviction if they believed from the evidence that the tubs had been used by appellant "or any one else with his knowledge or consent at the place near his house." Appellant could have been convicted under this instruction even though the tubs, as a matter of fact, were used by members of his family for pickling or washing or some other purpose having no connection whatever with a moonshine still.

Judgment reversed and cause remanded for a new trial consistent with this opinion.