## McKinney v. Knapp.

(Decided February 1, 1924.)

### Appeal from Madison Circuit Court.

1. Appeal and Error—Motion Waived by Failure to Press and Obtain Ruling.—By failing to press a motion to require the plaintiff to be "more specific by stating when the defendants committed the wrongs complained of" and obtain a ruling upon it, the defendant is deemed to have waived it.

2. Appeal and Error—Question Before Court in Absence of Motion for New Trial and Bill of Exceptions.—Where no motion and grounds for new trial were filed, and no bill of exceptions or bill of evidence accompanies the record, the only question arising upon appeal is whether the petition supports the judgment.

3. Ejectment—Overruling Motion to File Title Papers Held Proper.— Where lands in controversy were carefully described in the petition in ejectment, it was unnecessary to file title papers, and court did not err in overruling motion to require filing thereof.

4. Judgment—Petition Held Sufficient to Support Judgment.—Petition in ejectment held sufficient to support judgment for plaintiff.

E. SELBY WIGGINS FOR APPELLANT.

G. MURRAY SMITH for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

This appeal is from a judgment in an action in ejectment involving a triangular plot of ground 30 feet wide and running 116 feet to a point. The answer consists of a traverse and a plea of title by deed as well as by ad-

verse possession. Before filing answer the defendant moved the court to require the plaintiff to file the title papers upon which she relied and also to require the plaintiff to be "more specific by stating when the defendants committed the wrongs complained of." The first motion to require plaintiff to file her title papers was overruled by the court, to which ruling the defendant excepted; but the second motion was not ruled upon, and so far as the record shows the court was not asked to do so. By failing to press the motion and obtain a ruling upon it the plaintiff is deemed to have waived it.

There was a jury trial resulting in a verdict for the plaintiff, upon which judgment was entered. No motion and grounds for new trial were filed, and no bill of exceptions or bill of evidence accompanies the record. The only question, therefore, arising upon this appeal is whether the petition supports the judgment.

In substance the petition avers that the plaintiff is the owner of a tract of 127 acres of land in Madison county, the east line of which joins the west line of the lands of the defendant, as shown by the plat filed with the petition; that the line between the lands of plaintiff and defendant runs S. 14¾, W. 116 feet; that the defendant had placed his fence on the property of the defendant as indicated by the dotted line on the plat filed with the petition, from the point "C," iron pin, in a southern direction to the end of the said fence at A, at which point said fence is about 30 feet from the true corner, "between the property of the defendant and this plaintiff."

It is further averred that the defendant "is in the possession of the tract of land belonging to the plaintiff and represented on the plat by the triangle A, B, and C, being about 30 feet wide from the point "A" to "B," and tapering in a northern direction to a point at "C;" that the plaintiff is the owner of the tract of land and entitled to immediate possession thereof, and that the defendant has no title to same nor any right of possession; that the plaintiff acquired the property from Mary Thurman by deed which is recorded in the Madison county court clerk's office; that she and those under whom she claims had been in the continuous, peaceable and uninterrupted possession of said property for a period of more than 15 years. The title papers were not filed with the petition, but inasmuch as the land in controversy was carefully described in the petition it was unnecessary to

file the papers evidencing plaintiff's title. The court did not, therefore, err, as claimed by plaintiff, in overruling his motion to file the title papers.

It seems to us that the petition was sufficiently definite, certain and comprehensive in its averment of facts to constitute a cause of action in ejectment against the defendant. It was therefore sufficient to support the judgment, for which reason it is affirmed.

Judgment affirmed.