## Danella (alias Vanelia) v. Commonwealth.

(Decided March 6, 1925.)

### Appeal from Pike Circuit Court.

1.  Criminal Law—Evidence Held Inadmissible for Failure to Introduce Search Warrant.—Failure of Commonwealth, in prosecution for illegal possession of intoxicating liquor, to introduce search warrant, under which whiskey was discovered, or to prove its loss and contents, held to require exclusion of all evidence of search for and defining of whiskey.
2.  Criminal Law—Testimony of Justice as to Finding of Liquor Not Admissible as that of Private Person.—Testimony of justice who issued warrant as to finding of liquor held not admissible as that of a private person, where justice assisted in leading posse in successful search of premises, after ·deputy sheriff had reported fruitless search, as he became thereby member of posse.

DAUGHERTY & BARRETT for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—Reversing.

The appellant, Tony Danella (*alias* Vanelia), who, on his trial in the court below under an indictment charging the offense, was, by verdict of a jury, found guilty of unlawfully having in his possession intoxicating liquor and his punishment fixed at a fine of $300.00 and imprisonment of 60 days in jail, by this appeal seeks the reversal of the judgment entered upon that verdict.

The grounds relied on by the appellant for the reversal of the judgment are that error, prejudicial to his substantial rights, was committed on his trial by the circuit court: First, in admitting, over his objection, and, later, overruling his motion to exclude, evidence introduced by the Commonwealth for the purpose of proving his guilt of the offense charged; second, in overruling his motion, made at the conclusion of the evidence, for a directed verdict of acquittal.

The only evidence heard on the appellant's trial was furnished by the testimony of a single witness, one Marvin Williamson, a justice of the peace, introduced by the Commonwealth. It appears from his testimony that he, in his official capacity as a justice of the peace, issued a search warrant directing a search to be made of the ap-

pellant's premises for the discovery of any intoxicating liquors that might be concealed thereon, which warrant he delivered to a deputy sheriff for service, who accompanied by a *posse comatatus,* immediately proceeded to execute it by making a search of the appellant's premises, but without success, as no such liquor was found thereon.

Williamson seems to have accompanied the deputy sheriff to the premises searched, or, at any rate, admittedly was there when the unsuccessful search made by the latter and his *posse* came to an end. Upon being informed by them of their failure to find any intoxicating liquor on the appellant's premises, Williamson nevertheless insisted it was there, claimed it could be found and demanded that a further search be made for it. Thereupon, the deputy sheriff and *posse,* led and assisted by Williamson, re-entered the appellant's premises and resumed thereon the search for intoxicating liquor, which resulted in the discovery by Williamson of a 10-gallon keg of ''moonshine'' whiskey concealed under the floor of the appellant's garage.

Although it appears from the evidence that throughout the first and last invasion and searching of the appellant's premises, the deputy sheriff had in his possession the search warrant previously issued and delivered to him by Williamnson as a justice of the peace, and that he then claimed to be acting under the authority it was supposed to confer, it was not made to appear that it was ever shown or read to the appellant, or its contents made known to him. Furthermore, notwithstanding the appellant's demand for their production, neither the search warrant nor the affidavit upon which it was procured to be issued was introduced or offered in evidence on his trial. Nor was there any attempt on the part of the Commonwealth to prove the loss or contents of the search warrant or affidavit; and the only explanation offered of the absence of either on the trial is found in the testimony of Williamson to the effect that, after the return of the search warrant to his office, he delivered it to the trial court, some one of its officers, or counsel for the Commonwealth or counsel of the defendant.

Because of the failure of the Commonwealth to introduce in evidence the search warrant the evidence presented in its behalf was all objected to by the appellant as introduced, and its exclusion as a whole urged on his motion before the jury was instructed; but the objections

and motion were overruled by the court and those rulings duly excepted to by the appellant.

In brief, it is the appellant's contention that the searching of his premises, though it resulted in the discovery of the whiskey seized and removed therefrom, was illegal and an invasion of his constitutional rights, because not authorized by a valid search warrant; and that to justify such search under a search warrant and the use as evidence against him of the whiskey thereby discovered, the validity of the search warrant should have been established by its introduction in evidence. But as that was not done in this case and there was no evidence of its loss that would have authorized proof of its contents, had any been offered, the evidence admitted as to the discovery of the whiskey seized on the appellant's premises was incompetent for any purpose and should have been excluded.

While it is conceded by counsel for the Commonwealth that the search warrant was not produced on the appellant's trial and no legal reason for its nonproduction was shown by the Commonwealth, or effort made by it to prove its contents, and also conceded that because of these omissions and by virtue of the repeated rulings of this court, all evidence in respect to the issual of the search warrant and action taken thereunder was incompetent, but insisted that its admission was not prejudicial to the appellant. This insistence of counsel is, however, bottomed on the theory that as the discovery of the whiskey upon the appellant's premises was made by Williamson, the justice of the peace, if he was not at the time acting in his official capacity, but as a mere individual and private citizen, the evidence of his discovery of the whiskey was competent and, therefore, properly admitted.

It goes without saying that a justice of the peace is a judicial officer, and equally true that he is by law charged with the performance of many duties that are purely ministerial. Meachem on Public Officers, section 635. But it is unnecessary here to define Williamson's general or special powers as a justice of the peace, or to indicate the distinction between such as are judicial and such as are ministerial. It is only necessary that we determine the capacity in which he assisted in the search made by the deputy sheriff of the appellant's premises, resulting in the discovery thereon of the whiskey. After a careful consideration of all the facts and circumstances

developed by the evidence we have reached the conclusion that the assistance then given by Williamson was as a member of the deputy sheriff's *posse,* and, if so, it was rendered by him in an official capacity; for a person legally made by a ministerial peace officer the member of a *posse* to assist him in executing a search warrant or make an arrest, is, while so acting, clothed with all the official power and authority possessed by such ministerial officer.

The selection of the *posse,* whether it be composed of one or more persons, rests wholly with the ministerial officer requiring such assistance. They may be obtained by a verbal summons or order from him, or, as in this case, by his assent to an offer of service from a volunteer.

Whatever may have been Williamson's motive in accompanying the deputy sheriff and his *posse* to the appellant's premises after issuing and delivering to that officer the search warrant, it was admitted by him that he stood at the entrance thereto until they completed the first search made of the premises and reported to him their failure to find any intoxicating liquor thereon. Thereupon, Williamson, although not claiming to have any knowledge or previous information thereof, insisted that there was whiskey concealed on the appellant's premises, demanded that another search be made by the deputy sheriff and *posse* for it, and at the same time offered his assistance in making it.

While the evidence does not indicate the language used by the deputy sheriff in reply to the demand of Williamson that the search be renewed, or to his offer to assist therein, the fact that he yielded to the demand and accepted the latter's offer of assistance is clearly shown by his immediate resumption of the search, in which he and his *posse* were led by Williamson, through whose assistance the whiskey was discovered. There was no searching done by Williamson alone. He was accompanied and assisted throughout the search by the deputy sheriff and *posse* that served the latter during the first search, and the whiskey found on the premises was seized and removed by the deputy sheriff.

It is patent from the evidence that the search made of the appellant's premises with Williamson's assistance was claimed to be and in fact was conducted under and by virtue of the search warrant issued by the latter and then in the possession of the deputy sheriff, and that

both he and Williamson claimed to be acting under the authority it was supposed to confer.

Whatever might be said of the impropriety of a justice of the peace's assisting in executing a search warrant which had been issued by him, it is manifest that the service rendered the deputy sheriff by Williamson in the search conducted under the search warrant in question, fixed and established the status of the latter as a member of the deputy sheriff's *posse* and clothed him with such authority, if any, as was possessed by that officer. This being true, the case of Kendall v. Comlth, *supra,* relied on by counsel for the Commonwealth, can have no application to the instant case. In that case it was held (quoting from the syllabus) that:

> "Though a public officer charged with the enforcement of prohibition may not as a witness give evidence against a defendant which was obtained by unlawful means, as by trespassing upon the premises of the accused or entrapping him, such a rule does not extend to evidence given by private person."

Here, as we have indicated, there is no such question involved as arose in the Kendall case.

Under the repeated decisions of this court, so numerous and recent as to render citation of them unnecessary, the failure of the Commonwealth to introduce in evidence the search warrant under which the whiskey in the appellant's possession was discovered, or to prove its loss or contents, required the exclusion by the trial court of all evidence of the search for and finding of the whiskey; and as there was no competent evidence conducing to prove the appellant's guilt the court should have directed a verdict of acquittal.

Wherefore, the judgment is reversed for a new trial and such further proceedings as are not inconsistent with the opinion. The whole court sitting.