## Castle v. Commonwealth.

(Decided April 26, 1927.)

Appeal from Lawrence Circuit Court.

1. Criminal Law.—Where search warrant and affidavit were lost and both county judge, who issued warrant, and his successor, testified they had made diligent search, parol proof of contents of such instruments was admissible.

2. Criminal Law.—Contents of lost search warrant may be satisfactorily proven by sheriff who executed it, where parol proof of contents is admissible owing to unsuccessful search by county judge.

3. Criminal Law.—Where search warrant is regular on face, it will be presumed that officer discharged duty in issuing it, so as to put burden of proving insufficiency on one alleging it.

4. Intoxicating Liquors.—In prosecution for possessing illicit still, evidence which was as consistent with innocence as with guilt and was purely circumstantial held to justify instructed verdict for defendant.

5. Intoxicating Liquors.—"Wash boiler" is kitchen utensil commonly used and ordinarily intended to be used for domestic purposes, but intention to use such vessel as still may be shown by direct evidence or by circumstances in prosecution for possessing still, in view of Ky. Stats., Supp. 1926, section 2554a-7.

C. F. SEE, JR., for appellant.

FRANK E. DAUGHERTY, Attorney General, and JOHN P. CUSICK for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS— Reversing.

Erwin Castle appeals from a conviction for the unlawful possession of an illicit still. For a reversal he relies on two grounds: First, that the evidence was procured by an unlawful search of his premises; second, that, if the evidence was competent, nevertheless he was entitled to a peremptory instruction.

It appears from the record that an affidavit was filed before the county judge, and that he issued a search warrant thereon which was executed by the sheriff. Both the search warrant and the affidavit have been lost but the county judge who issued the warrant and his successor in office, the present incumbent, both testify that they have made diligent search of the records of the office and are unable to find those papers. Under repeated rulings of this court this evidence authorized parol proof of the contents of those instruments. See Craft v. Com., 196 Ky. 277, 244 S. W. 696; Miller v. Com., 201 Ky. 423, 257 S. W. 3. The contents of the warrant was satisfactorily proven by the sheriff who executed it, and this is permissible. See Miller v. Com., supra. The county judge was unable to remember the contents of the affidavit, and this is not proven by any other witness. However, we have repeatedly held that, if the search warrant is regular on its face it will be presumed that the officer discharged his duty in issuing it, and that this raises a prima facie presumption as to the sufficiency of the affidavit, and, if the defendant relies on the insufficiency of the latter, the burden is upon him to prove it.

Terrell v. Com., 196 Ky. 288, 244 S. W. 703; Gray v. Com., 198 Ky. 610, 249 S. W. 769. It follows that the evidence was properly admitted.

Second. The sheriff testified:

"It was out here on Morgan creek we found a barrel of mash in the celler and a wash boiler in the kitchen that had been used to boil it in. We could smell the odor of the mash in the boiler. Q. In your experience in capturing moonshine stills, could you say from that whether or not this wash boiler had been used in the manufacture of liquor? A. It had. Q. Did you find a still there? A. Part of one. Q. Did you find a worm? A. No, sir. Q. What did you find? A. Barrel of mash and a wash boiler. Q. It was a wash boiler designed and used to wash clothes in? A. Yes, sir; you could have washed clothes in or made whisky in it or both."

Another witness accompanying the sheriff said:

"We found a barrel of mash and a keg of it that had a kind of still smell to it. Q. Did you see the wash boiler? A. I do not remember that I did."

Section 2554a-7, Ky. Statutes, Supp. 1926, defines an illicit still thus:

"An illicit still or apparatus designed for the manufacture of liquor under this act shall include an outfit or parts of an outfit, commonly used, or intended to be used in the distillation of spirituous, vinous or malt liquors which is not at the time of the trial duly registered in the office of a collector of internal revenue for the United States."

It will be observed that it is essential for the apparatus to be commonly used in the manufacture of some of the liquors named or to be intended for such use. The former act defined an illicit or moonshine still "to include an outfit commonly and exclusively used in the distillation of spirituous liquors, etc."

Mash used in distillation may be heated in any closed vessel suitable for boiling purposes. It was soon learned that by drilling a hole in the top of such vessel and connecting a worm or pipe thereto, the vapors from the boiling liquid could be carried through the pipe and thus condensed and run into another receptacle and produce

an intoxicating liquor. No doubt it was the purpose of the Legislature to prevent the use of ordinary kitchen utensils in this manner; hence in the act of 1922, quoted above, the word "exclusive" was omitted, and the possession of an outfit "intended to be used" was inserted. So that now, if such outfit is commonly used or is intended to be used in the distillation of such liquor, its possession is denounced by law.

A wash boiler is a kitchen utensil commonly used and ordinarily intended to be used for domestic purposes. The intention to use such a vessel as a still may be shown by direct evidence or by circumstances. Here it was not shown that there was any vent in the top of the boiler or that defendant possessed a pipe or worm or that there was any other way in which the vapor from boiling liquid in that vessel could be confined and condensed. The sheriff stated that he found a barrel of mash in the cellar and that the boiler had the odor of mash. From these facts it may be inferred that the mash was intended for liquor; that some of it had been heated in the boiler; that perhaps defendant owned or possessed an undiscovered boiler top and worm or pipe or other apparatus to be used with the boiler which would render it an outfit used in the distillation of liquor. On the other hand, the mash could have been used for legitimate purposes. In the condition in which it was found, the boiler could only have been used legitimately, and, in the absence of any evidence of other essential articles used in the manufacture of liquor, it is hardly fair to appellant to speculate upon their existence. At any rate the evidence is as consistent with his innocence as it is with his guilt, and being purely circumstantial, the court should have instructed the jury to find for the defendant, and if, upon another trial, the evidence is substantially the same, this will be done.

Wherefore the judgment is reversed, and cause remanded for proceedings consistent with this opinion.