## Wilson v. Commonwealth.

(Decided March 19, 1929.)

A. W. BAKER for appellant.

J. W. CAMMACK, Attorney General, and GEO. H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE McCANDLESS —Reversing.

Hubert Wilson was fined $250 and sentenced to 30 days in jail for a violation of the Prohibition Law (Laws 1922, c. 33). He has entered a motion for an appeal from that judgment. The evidence and rulings of the court are set out in narrative form in a bystander's bill of exceptions, which reads:

"We went over there to the home of Hubert Wilson, we found him and his wife out in their garden at work, I told him that we wanted to make a search around on his premises to see what we could find, and he said to us to go ahead and search all you please, and about this time his wife started off

toward the house, I then said to him we will have to search your house, he said if you are going to search my house you will have to have a search warrant, we went to his house and made a search and in the upstairs part of his house we found two cracker cans that had been used in making whisky, we then went and searched other places about the house and we found under the floor of his chicken or hen house other apparatus for making whisky

"Squire Huff was along with us and I am sure there was an affidavit made for a search warrant to search the house and premises of defendant, Hubert Wilson, I do not know who made the affidavit, and I never saw it made, and I am sure Squire Huff issued a search warrant to search the house and premises of defendant, before we made the search. I cannot state the substance of the affidavit or the search warrant. I do not know where the affidavit or search warrant is at this time. I suppose Squire Huff has them in his possession. This all occurred in Jackson county and within less than twelve months before the indictment was made against the defendant in this case. At this point the commonwealth announced that it was through with its evidence.

"Whereupon the defendant by his counsel, moved the court to exclude the whole of the evidence of the witness, Joe Pence, from the consideration of the jury, and to instruct the jury peremptorily to find the defendant not guilty, which motion was overruled by the court, to which ruling of the court this defendant at the time excepted and still excepts. Thereupon the defendant moved the court to require the attorney for the commonwealth to produce and exhibit the said affidavit and search warrant for inspection, this motion was overruled by the court to which ruling of the court the defendant at the time excepted and still excepts."

As all the evidence was developed by a search of appellant's premises, unless the search was legal the evidence was incompetent. Upon objection to evidence of this character it is incumbent upon the commonwealth to produce the search warrant relied upon, or, if it is lost, to account for such loss and prove its contents by competent evidence. If it fails in both particulars the evidence thus introduced should not be considered. Craft v. Com., 196

Ky. 277, 244 S. W. 696. In this case it did so fail in both particulars; but it is argued by the commonwealth that the defendant waived the incompetency of the evidence by failing to object. It is true that a formal objection was not made to the evidence as it was introduced, but the motion to exclude was in the nature of an objection to the evidence. Also, the formal motion to require the commonwealth to produce the affidavit and search warrant was of a similar nature, and the court erred in overruling those motions. At least the effect of both motions was the same as if the defendant had objected to the introduction of the evidence in the first instance.

Wherefore the motion for appeal is granted, judgment is reversed, and a new trial granted.