## Conley v. Commonwealth.

(Decided May 14, 1929.)

(As Modified, on Denial of Rehearing, October 8, 1929.)

E. B. ROSE and EZART ASHCRAFT for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY— Affirming.

The appellant, Calvin Conley, has been found guilty of receiving and possessing stolen property, to wit, seven chickens, belonging to a neighbor, Mrs. J. E. Horton. The grounds upon which he hopes to secure a reversal of the judgment are that they were his own chickens; that there was no proof that he knowingly received stolen property, or that the chickens were actually stolen; and, further, that the evidence against him was obtained by an illegal search of his premises.

Section 1199 of the Statutes, as amended by Act March 24, 1922 (Acts 1922, c. 113), provides that "the possession of any stolen goods shall be prima facie evidence of the guilt, under this section, of any person or persons having such possession." When it was shown that these chickens had been stolen, and they were found

in appellant's possession, the burden was cast upon him to show his lack of guilty knowledge. The owner of the chickens testified that she had missed several of her chickens from her flock about a week before the night of November 21, 1928. On that night she heard a chicken squawk, and the next morning found seven more of them had disappeared. It is clear from her evidence that the chickens were stolen.

There is some question raised about the identity of the chickens, appellant claiming that he had acquired them about nine months before from his mother-in-law, and that he had moved the chickens to his place about two weeks before the controversy over their possession. After missing her chickens, Mrs. Horton reported their loss to a police officer. He went through the alley between appellant's place and the home of Mrs. Horton, and from the alley saw in appellant's coop some chickens answering the description of those lost by Mrs. Horton. He reported this fact to her. It appears she went to see them and identified her chickens in appellant's coop. She then went before a magistrate and made an affidavit for a search warrant. The Assistant Attorney General, who briefed the case, thus describes what then occurred: "With this warrant, Mrs. Horton, accompanied by a neighbor and the chief of police, called upon appellant and demanded her chickens. Thus confronted, appellant, who was a neighborly sort of person, and who disliked a row with his neighbors, told Mrs. Horton that, even though he had obtained the chickens from his mother-in-law, she could have them, if it would end the argument, although such a gift amounted to seven-eighths of his entire flock. After some argument about payment for the other missing seven, the seven found were packed off to Mrs. Horton's, put over her fence, and, finding themselves upon familiar ground, at once went to drinking from a trough, climbing trees, roosting in the henhouse, and otherwise making themselves happy at home."

It is said of old that the shepherd knew his flock by name, and the sheep knew their master's voice, and followed him. The same eminent authority declares: "The ox knoweth his owner, and the ass the master's crib." It is true literally, as well as figuratively, that "chickens come home to roost." The human animal oftimes speaks falsely, but the lower animals, not possessing that attribute to deceive, disclose the truth by obedience to an inherent nature and instinct. The defendant's verbal evi-

dence is not very persuasive of its truth. At any rate, it was a question for the jury to determine whether they should rely upon his testimony or that of the prosecuting witness, supplemented by the actions of the chickens when placed in her yard.

Upon the trial of the case no search warrant was introduced, which is required to be done, when demanded, as was held in Craft v. Commonwealth, 196 Ky. 277, 244 S. W. 696; Wilson v. Commonwealth, 228 Ky. 517, 15 S. W. (2d) 422. During the cross-examination of the police officer defendant's counsel moved the court to require the production of the search warrant, but no action was taken on the motion. There was no objection made to the evidence of either the officer or the owner as to what they learned while on defendant's premises, nor to their having obtained possession of the chickens. It must be considered, therefore, the defendant waived the production of the warrant and any right he had to question the admissibility of the evidence procured under it. McKinney v. Knapp, 201 Ky. 768, 258 S. W. 314.

The judgment is affirmed.