## Eaves v. Commonwealth.

(Decided November 17, 1931.)

JAMES W. POWELL for appellant.

J. W. CAMMACK, Attorney General (BASIL P. COOPER of counsel), for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON— Affirming.

Mattie Eaves was indicted, tried, and convicted for the second offense of unlawfully having in her possession spirituous liquors; she having been previously convicted for the same offense in the Hopkins quarterly court. Her punishment was fixed under section 2554a-2, Kentucky Statutes, by the verdict of the jury at confinement in the penitentiary for a period of one year; judgment was accordingly entered, from which she appeals.

On the day it is charged the offense was committed, she was at her home; she called some one by telephone and engaged with the person in a conversation. In the conversation, she said, "Five wants to go, forty minutes."

Shortly thereafter two men came an alleyway to her back door, brought with them, in grips, five gallons of liquor in glass jugs, and then departed. Within a

short time thereafter Elmer Beeny, a deputy sheriff, Dick Crofton, Floyd Wilkey, and Elmer Todd, who were also arresting officers, with a search warrant in their possession, went to her home and searched it for intoxicants. The appellant was at her home when they arrived; they read the search warrant to her and searched her home, finding the five gallons of whisky and a small amount of home-brew. At that time her general reputation among her neighbors and acquaintances was that she was engaged in bootlegging.

Her defense was a denial, not only of her having possession of the whisky, but she denied that she was at home until some time after the officers had entered and discovered the presence of the whisky. Her testimony is corroborated by that of Curtis Eaves, Gillis Civillis, Elsie Graves, and Mabel Burbridge. The record of her first conviction of the identical offense was shown at the time of the trial, and is not now disputed.

For reversal it is insisted that incompetent evidence in behalf of the commonwealth was admitted; that the entry of the officers into her home was illegal; that the court erred in his instructions to the jury; that a peremptory instruction should have been given to the jury to find her not guilty; that the verdict is not sustained by the evidence.

While the deputy sheriff, Beeny, was on the witness stand for the commonwealth, inquiry was made of him as to the whereabouts of the search warrant by virtue of which he searched appellant's home. It was thereupon presented to him, and he identified it as the search warrant under which he was acting. The defendant objected to his identification of the search warrant and to his statement that her home was searched by virtue of it. Her objections were overruled, to which she excepted. The record discloses that the search warrant was neither offered to be read, nor was it read, to the jury. At the conclusion of the evidence of the commonwealth, she moved to have excluded from the jury the testimony of the officers showing their search of her home and the finding of the whisky and home-brew thereat.

It was incumbent upon the commonwealth to produce the search warrant relied upon [Wilson v. Com., 228 Ky. 517, 15 S. W. (2d) 422]; if it was lost, to account for its loss and prove its contents by competent evidence.

If it fails in both particulars, the evidence thus introduced should not be considered. Craft v. Com., 196 Ky. 277, 244 S. W. 696.

Also she requested at the close of the evidence of the commonwealth a peremptory instruction be given to the jury. The court refused to give it. Thereupon she testified and introduced other witnesses. By the testimony of herself and that of the other witnesses in her behalf, it is shown that the five gallons of whisky were in her home.

In the case of Shepherd v. Com., 240 Ky. 261, 42 S. W. (2d) 311, 313, it was written: "It is a fixed rule of practice that, after making a motion for a peremptory instruction at the close of the commonwealth's evidence and the motion is overruled, any essential fact necessary to convict the defendant may be established by testimony in his behalf, and he cannot complain that the motion was overruled, or that the commonwealth failed to make out its case by testimony produced by it. Minniard v. Com., 214 Ky. 641, 283 S. W. 1001; Brittian v. Com., 200 Ky. 461, 255 S. W. 59; Marcum v. Com., 201 Ky. 527, 257 S. W. 714; Cardwell v. Com. 236 Ky. 676, 33 S. W. (2d) 695."

The evidence in her behalf shows her presence and the presence of the whisky in her home. Therefore only the additional evidence showing her connection therewith was necessary to authorize her conviction.

Ambrose Whitney, a witness for the commonwealth, who was not a member of the searching party, but her friend and visitor, and who was at her home both before and at the time the officers arrived, testified to the telephone conversation between appellant and some person, immediately before the bringing of the whisky by the two men and their placing of it in her kitchen in her presence.

It may be conceded that, in a prosecution for a violation of the liquor law, the failure of the commonwealth to introduce the search warrant under which the liquor was discovered by officers executing it, or to prove its loss and contents, the evidence obtained under it is incompetent, when objected to, and, on motion, should be excluded. Danella v. Com., 207 Ky. 660, 269 S. W. 1011; Vinson v. Com., 219 Ky. 482, 293 S. W. 984; Stafford v. Com., 212 Ky. 229, 278 S. W. 574, 575; Bates v. Com., 197 Ky. 692, 247 S. W. 942; Adams v. Com., 197 Ky. 235,

246 S. W. 788; Hodges v. Com., 198 Ky. 652, 240 S. W. 774; Wilson v. Com., 228 Ky. 517, 15 S. W. (2d) 422.

But, accepting appellant's contention as correct that the searching of her premises was without authority of law, and that the failure of the commonwealth at her trial to offer to read or to read the search warrant to the jury rendered the officers' testimony incompetent, it cannot be doubted that the admission by defendant and her witnesses of the presence of the whisky in her home, coupled with the testimony of Winstead, was sufficient to submit the case to the jury.

In Stafford v. Com., supra, it was said:

"If it appears that the incriminating evidence was found at such place or under such circumstances as to require no search warrant to authorize the search and to make the evidence competent, then the fact that the search warrant was not produced upon the trial thereof would be immaterial." Baughman v. Com., 206 Ky. 441, 267 S. W. 231; McQueen v. Com., 196 Ky. 227, 244 S. W. 681; Myers v. Com., 212 Ky. 245, 278 S. W. 620.

It is apparent the court did not err in permitting the case to go to the jury. But even if it be conceded that the testimony of the officers was incompetent, without the introduction and reading of the search warrant, we are precluded by section 340, Criminal Code of Practice, from reversing for an error of law, where, upon the whole case, the substantial rights of the defendant have not been thereby prejudiced.

The appellant argues that the whole law of the case was not given by the court; that she and her witnesses testified that she was not at home until after the arrival of the officers; that the testimony shows that Curtis Eaves was the owner of one gallon of the whisky; that the other four gallons were the property of the men who brought the five gallons to her home, and therefore she was entitled to an instruction that, if the whisky was on her premises without her authority, knowledge, or consent, then it was not in her possession, and the jury should find her not guilty.

On this issue the court gave to the jury an instruction substantially advising it that if it believed from the evidence the whisky was not in the possession of appellant, but was in the possession of Curtis Eaves, and that

she did not know the whisky was on her premises, it should acquit her. This instruction fully protected her in this respect. Kratzer v. Com., 228 Ky. 684, 15 S. W. (2d) 473; Keifner v. Com., 225 Ky. 163, 7 S. W. (2d) 1066; Bates v. Com., 218 Ky. 237, 292 S. W. 315.

Perceiving no error prejudicial to the substantial rights of appellant, the judgment is affirmed.