## Callebs v. Commonwealth.

May 1, 1942.

J. Milton Luker for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

The appellant was jointly indicted with his mother and his half-brother, Earl Callebs, for the offense of knowingly receiving stolen property, namely, a heifer of the value of more than $20. Tried separately, he was convicted and sentenced to two years' confinement in the penitentiary.

The most material evidence introduced by the Commonwealth was that obtained from a search of the home of appellant's mother with whom appellant and his half-brother resided. The search was acquiesced in by the mother during appellant's absence, but only after the deputy sheriff, who made the search in company with five or six other persons, had informed her that he had a search warrant, which he held in his hand. The Commonwealth failed to produce the search warrant and the appellant objected to the introduction of all testimony bearing upon what the search disclosed. At the conclusion of the Commonwealth's evidence, the appellant moved the Court to exclude from the jury all testimony of the character referred to, and to peremptorily instruct the jury to find him "not guilty." The Court overruled both motions and the appellant declined to testify or to introduce evidence in his behalf. Thus, the only questions presented for decision by this appeal are, whether the proprietress of the searched premises "consented" to the search, and, if not, whether in the absence of the search warrant, the Commonwealth was entitled to prove its contents.

The Attorney General's affirmative answer to the first of these inquiries is predicated upon the testimony

of the deputy sheriff that the mother, when told that he had a search warrant, which he held in his hand, said: "Go ahead and search." However, his cross-examination revealed the following:

"Q. You claimed to Mrs. Callebs you had a search warrant, before she would allow you to make the search? A. I told her the first thing—I had the warrant in my hand.

"Q. You showed her the paper you had in your hand before she gave you permission to search? A. Yes sir."

Concededly one may waive his constitutional guarantee against unreasonable searches and seizures and thus render competent testimony, otherwise incompetent, obtained thereunder; but such waiver will not result from a consent that the premises be searched, where the consent is coerced or given in response to a demand by an officer accompanied by the statement that he possesses a warrant authorizing the search. As said in the case of Divine v. Commonwealth, 236 Ky. 579, 33 S. W. (2d) 627, 628:

"A consent of that character given under such circumstances is presumed to have been but proper submission to the authority displayed, and is not construed as a voluntary assent to the search, or as a waiver of constitutional rights."

Hence, it is not necessary to decide whether the mother had power in any event to consent to the search of that portion of the premises occupied by appellant.

The Commonwealth attempted to prove the contents of the warrant upon the theory that it had shown that the warrant had been lost or misplaced. The rule on which both parties rely is thus stated in Roberson's New Criminal Law and Procedure, Section 1333, page 1528:

"The burden is on the Commonwealth to show that a search of the person or the premises or effects of another was justified by the introduction in evidence of a proper warrant issued for the purpose, and evidence obtained by the search was not admissible where the search warrant is not produced, or its loss accounted for and its contents shown; but if it should appear by proper evidence that the warrant is lost or misplaced, and that diligent search

has been made, oral proof of its contents may be introduced.''

But here, the Commonwealth's evidence indicated that the search warrant was not lost or misplaced, but had been delivered to the Hon. J. B. Johnson, Commonwealth's Attorney, two days before the date of the trial, and that he had inadvertently taken it with him to Louisville where he was attending a meeting of the Bar Association. It therefore is unnecessary to consider appellant's further contention that the Commonwealth's evidence failed to show the contents of the warrant or that it was properly signed.

Judgment reversed with directions to grant appellant a new trial.