## Callebs v. Commonwealth.

May 1, 1942.

J. Milton Luker for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

Jointly indicted with his stepmother and half-brother, Lawrence Callebs, the appellant was convicted of knowingly receiving stolen property and sentenced to two years' confinement in the penitentiary.

The evidence introduced by the Commonwealth was substantially the same as that introduced in the case of Callebs v. Commonwealth, 290 Ky. 529, ... S. W. (2d) ..., this day decided. As in that case, the appellant objected to the testimony obtained by means of the search warrant, and followed the same procedure to preserve his rights, except, that upon his motion for a peremptory instruction being overruled, he testified and offered other evidence in his behalf. At the conclusion of all the testimony, he renewed his motion for a directed verdict of acquittal.

In the case of Clark v. Commonwealth, 288 Ky. 845, 157 S. W. (2d) 485, we reaffirmed the rule that an accused against whom improperly obtained evidence has been introduced, waives the impropriety of the means employed and the consequent incompetency of the testimony by testifying to facts upon which a finding of "guilty" could be predicated. But in the case at Bar, the testimony introduced by appellant did not disclose such facts, and accordingly we are presented with the same questions for decision as were presented in the Lawrence Callebs case above alluded to; and, for the reasons there given, are compelled to hold that the evidence obtained through the employment of the search warrant should not have been admitted.

Judgment reversed with directions to grant appellant a new trial.