**COMMONWEALTH v. OVERSTREET.**

Court of Appeals of Kentucky.

Oct. 17, 1952.

A. E. Funk, Atty. Gen., Guy L. Dickinson, Asst. Atty. Gen., for appellant.

Marion Vance, Glasgow, William Yancey Handy, Cave City, Terry L. Hatchett, Glasgow, for appellee.

STEWART, Justice.

Appellant has moved for an appeal, requesting a certification of the law on this question: When a valid search warrant has been issued and a search has been made pursuant to it, and the same thereafter has been lost, destroyed or stolen, should the Commonwealth be permitted to prove by secondary or parol evidence its issuance and its contents?

The doctrine is firmly embedded in the law that where the original writing containing or constituting the primary evidence of the fact to be proved is satisfactorily shown to have been lost or destroyed, secondary evidence of its contents becomes admissible. 20 Am.Jur., Evidence, § 437, page 388, and 32 C.J.S., Evidence, § 823, page 751. The general rule as to the introduction of secondary or parol evidence to establish the contents of a lost or destroyed writing, once it is proven to have existed, comprehends equally public and private instruments, as is thus stated in 32 C.J.S., Evidence, § 827, page 755: "With respect to secondary evidence of their contents when the originals are lost or destroyed, public records do not differ from private documents; so, where it is satisfactorily shown that public records have been lost or destroyed, their contents may be proved by parol or other competent secondary evidence, provided the existence of other and better evidence is not disclosed by the circumstances of the case or the character of the evidence introduced."

When we focus our attention on the immediate question before us, we find the law clear on the point that parol evidence may be resorted to in order to prove the issuance and the contents of a search warrant. In Acree v. Commonwealth, 243 Ky. 216, 47 S.W.2d 1051, 1054, this precise issue was before this Court and in that case we said: "On the appellant's objection to the evidence obtained by it (under a search warrant), it was incumbent on the commonwealth to produce a legally issued and valid search warrant under which the sheriff at

the time was acting, or to show it was issued and lost, in which event its issuance and contents may be established by parol."

Craft v. Commonwealth, 196 Ky. 277, 244 S.W. 696, 697, held that the judicial officer issuing a search warrant becomes its legal custodian after it has been executed and returned to him, and is primarily the person to be called on to testify as to the authenticity of the warrant and to account for its absence, if lost, but that the loss of the warrant may be established by the testimony of any other competent person, if such custodian is not accessible. This case then continued with this language: "When the loss of a record or other legal document is once established and no authenticated copy thereof is to be had, its contents may be proved by parol evidence."

See also Wilson v. Commonwealth, 228 Ky. 517, 15 S.W.2d 422, and Eaves v. Commonwealth, 241 Ky. 140, 43 S.W.2d 528.

█ We therefore conclude that the lower court erred in refusing to permit the Commonwealth to establish by parol evidence the issuance and contents of the search warrant involved herein.

The motion for an appeal is sustained and the law is so certified.