**Gordon CARROLL, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 26, 1956.

W. W. Burchett, Prestonsburg, for appellant.

Jo M. Ferguson, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

MOREMAN, Judge.

Appellant, Gordon Carroll, was convicted in the Floyd Circuit Court of possessing alcoholic beverages in dry territory for the purpose of sale. He was fined $50

and sentenced to confinement in jail for 60 days.

On October 7, 1955, John May, justice of the peace, issued a warrant for the search of the premises of the Truck Miners' Association, Inc. On the same day, the deputy sheriff raided the club room of that organization and there found appellant behind a counter. He seized three cases and seven cans of beer, three half pints of gin and two half pints of whiskey. On the 25th day of January, 1956, appellant was indicted for the offense above described. During the interim between the day of search and seizure, and the trial of appellant, the home of the magistrate burned and the affidavit and search warrant were destroyed.

Appellant urges as grounds for reversal: (1) that the contents of the affidavit and search warrant were not satisfactorily shown at the trial and, therefore, any evidence obtained by reason of the search was incompetent; and (2) the justice's court had jurisdiction and the case should have been tried there.

It is incumbent upon the commonwealth to produce a legally issued and valid search warrant under which the officer was acting or, in the event that it has been lost or destroyed, to establish its contents by competent evidence. Acree v. Commonwealth, 243 Ky. 216, 47 S.W.2d 1051; Wilson v. Commonwealth, 228 Ky. 517, 15 S.W.2d 422; Eaves v. Commonwealth, 241 Ky. 140, 43 S.W.2d 528; Callebs v. Commonwealth, 290 Ky. 529, 161 S.W.2d 932. We believe the commonwealth failed to carry out this duty. The magistrate, John May, testified in a vague manner that an affidavit had been issued, saying: "Yes, sir. There was a woman—there was two cases and a woman swore out one—I think she was a Tackett." He was equally indefinite in his testimony concerning the contents of the search warrant and contented himself with saying

that generally he described the property on all search warrants and sometimes asked the people what they paid for their whiskey, but he gave no particular information about the affidavit and search warrant which were at issue. The officers who handled the warrant merely gave a legal opinion that the search warrant was correct. The proof failed entirely to establish the contents of the instrument by competent evidence and for this reason it will be necessary to reverse the judgment.

Since the case must be retried, it is necessary to consider appellant's contention that the magistrate court had jurisdiction and the case should have been tried there. Appellant argues that under KRS 25.010 and KRS 242.990, the jurisdiction of the circuit court and the justice court is concurrent, and the first court, which in good faith begins prosecution, obtains jurisdiction.

We have held that the duty was on the commonwealth to establish by legal evidence the contents of the affidavit and search warrant, but when the appellant attacked the jurisdiction of the circuit court the burden was upon him to show that a good faith prosecution was being had in the magistrate court. Moren v. Commonwealth, 116 Ky. 859, 76 S.W. 1090. This he failed to do. The magistrate, under cross-examination, testified that he had issued a warrant for appellant which he later dismissed along with fifty-six other cases which were pending and that he dismissed each case under a separate order which he had written on a tablet. On redirect examination, he testified that he had waived jurisdiction in all these cases. These statements lack the high quality of competent proof, but in no event could we construe them to mean that a good faith prosecution was being had in the magistrate court. Therefore, the second contention of appellant is untenable.

Judgment reversed.